■ KATHLEEN E. ALLEN, Respondent, v WALTER E. ALLEN, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 3, 1980 in Warren County, which awarded child custody, temporary maintenance, child support, counsel fees and certain personal property to plaintiff, and (2) from an order of said court, entered February 26, 1981 in Warren County, which, *inter alia,* held defendant in contempt of court. The plaintiff wife separated from the defendant husband and, with the two children of the marriage, moved from the marital abode in Ulster County to Warren County, where, in September, 1980, she commenced an action for divorce based on cruel and inhuman treatment. Simultaneously, plaintiff obtained an order to show cause on September 8, 1980, returnable on September 17, 1980 at Special Term in Warren County, for custody of the children, child support, temporary maintenance, counsel fees and certain items of personal property. In answer, defendant alleged that he was unable to appear on the return date, that he had been denied visitation rights, and that his wife's conduct was the cause of the marriage breakup and the reason for his refusal to pay support to her. By order dated September 25, 1980, Special Term made an award granting most of plaintiff's requested relief. On October 16, 1980 defendant filed a notice of appeal from this order and refused or neglected to make any of the payments required thereby. On January 14, 1981 plaintiff moved, again by order to show cause, to hold defendant in contempt of the provisions of the September 25 order. Defendant cross-moved to modify the provisions of the order and to change the venue of the divorce action to Ulster County. In his affidavit answering the contempt charge, defendant claims he relied on the advice of his former attorney that he need not make the payments required by the order of September 25, 1980 until the decision was made on his appeal of that order, and that he did not intentionally violate its provisions. On January 26, 1981 the Essex County Department of Social Services commenced a Family Court proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) against defendant to recover monthly payments of $367 it was making toward the support of plaintiff and the children. By consent, defendant agreed to contribute $30 per week in connection with this proceeding and he continues to make such payments. On February 21, 1981, Special Term found defendant in contempt of court and denied his cross motion for change of venue. In regard to the September 25, 1980 order, defendant argues on this appeal that it was granted in violation of his due process rights. This argument has no merit. Although the order was returnable four days after its service on defendant, it afforded defendant sufficient time within which to answer the motion. Defendant neither demanded nor is entitled to a hearing before such motion is determined *(Hodes v Hodes,* 286 App Div 944). As to the order of February 21, 1981 holding defendant in contempt, it was made in violation of section 245 of the Domestic Relations Law and must be reversed. That section provides that as a condition of punishing a defaulting spouse for contempt it must appear "presumptively, to the satisfaction of the court, that payment cannot be enforced pursuant to section two hundred forty-three or two hundred forty-four of this chapter or

section forty-nine-b of the personal property law". Since neither plaintiff's application for contempt nor the answering affidavit of defendant addressed this prerequisite, the finding of contempt by Special Term lacked statutory authority *(Covello v Covello,* 68 AD2d 818). Furthermore, in view of defendant's assertion of his inability to pay when he is presently paying $30 to the Essex County Department of Social Services, coupled with his allegation that he believed the advice of his former attorney that he was not required to pay the amounts of support contained in the September 25 order pending a determination of his appeal therefrom, a serious question concerning the willfulness of defendant's default in payments was presented, requiring a hearing (see *Hickland v Hickland,* 56 AD2d 978). Although Special Term was not bound by the consent order of the Essex County Family Court, defendant's compliance therewith for the benefit of his wife is a factor to be considered on the hearing, bearing on the issues of payment and willfulness. Order entered October 3, 1980 affirmed, with costs. Order entered February 26, 1981 modified, on the law, by reversing so much thereof as held defendant in contempt of court, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.