■ In the Matter of ADAM L. WILKES, Respondent, v NAOMI R. WILKES, Appellant. [622 NYS2d 608] —In a habeas corpus proceeding for custody of and visitation with an infant, the mother, Naomi Reiss Wilkes, appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated November

16, 1993, which, *inter alia,* directed the petitioner to personally serve a copy of a warrant of attachment upon counsel for the appellant three days prior to the delivery of the warrant of attachment to the Sheriff so that the appellant would have an opportunity to make the child available for visitation with the petitioner at a mutually agreed-upon time and place, (2) the warrant of attachment of the same court, also dated November 16, 1993, which directed the Sheriff of Suffolk County to apprehend and bring the appellant before the court, and (3) an order of the same court, dated December 3, 1993, which, *inter alia,* after a hearing, granted the petitioner temporary visitation with the infant on either Saturday or Sunday of every week from 11:00 A.M. to 7:00 P.M.

Ordered that the appeals are dismissed, without costs or disbursements.

"No appeal lies from an intermediate order in a habeas corpus proceeding" *(People ex rel. Johnson v Romano,* 108 AD2d 888; *People ex rel. Ardito v Trujillo,* 88 AD2d 1002; *Sassower v Finnerty,* 68 AD2d 936; *State of New York ex rel. Wallace v Lhotan,* 48 AD2d 665; *see also, People ex rel. Satti v Satti,* 55 AD2d 149, 153, *affd* 43 NY2d 671). CPLR 7011, which governs the right of appeal in habeas corpus proceedings, states that "[a]n appeal may be taken from a judgment refusing to grant a writ of habeas corpus or refusing an order to show cause issued under subdivision (a) of section 7003, or from a judgment made upon the return of such writ or order to show cause". In the instant case, no return was ever filed, and no judgment was entered. The intermediate orders dated November 16, 1993, and December 3, 1993, respectively, and the warrant of attachment dated November 16, 1993, are not appealable. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.