■ DEBORAH L. MASTRANTONI, Respondent, v ROCCO MASTRANTONI, Appellant. [661 NYS2d 874] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 17, 1997 in Warren County, which, *inter alia*, found defendant in contempt of court.

Pursuant to a stipulation of settlement which was incorporated, but not merged, into the parties' divorce decree, defendant agreed to pay certain debts incurred during the marriage and to indemnify and hold plaintiff and her estate harmless against these obligations. By order to show cause, plaintiff sought an order finding defendant in contempt of court for his refusal and failure to abide by the stipulation by paying these marital debts. In sole support of her motion on this issue, plaintiff submitted her affidavit wherein she averred that "[d]espite several demands to do so and a judgment entered against us on the GMAC debt, the defendant refuses to pay the debts and hold me harmless for same". In opposition, defendant averred that he had paid or was attempting to pay each of the debts for which he was obligated and submitted several documents which suggested that a Sears debt had been paid and that defendant was affirmatively taking steps to satisfy the

GMAC debt. Nevertheless, Supreme Court granted plaintiff's motion and directed defendant to pay the debts in full within 30 days in order to purge himself of the order of contempt. Defendant now appeals.

Domestic Relations Law § 245 requires that before a defaulting spouse may be held in contempt for nonpayment of any sum of money required by a judgment of divorce, it must appear "presumptively, to the satisfaction of the court" that payment cannot be enforced pursuant to Domestic Relations Law §§ 243 or 244 or CPLR 5241 or 5242. Inasmuch as neither plaintiff nor defendant addressed this prerequisite in their motion papers, nor does the record otherwise establish that these alternatives would be ineffective, Supreme Court had no statutory authority to render a contempt citation (see, Allen v Allen, 83 AD2d 708, 708-709; see also, Heitzman v Heitzman, 105 AD2d 682).

Moreover, we agree with defendant that Supreme Court erred in finding him in contempt without holding an evidentiary hearing. In our view, because the parties' submissions raised a factual dispute regarding whether defendant was actually in default and whether such default, if any, was willful, a hearing was required (see, Bowie v Bowie, 182 AD2d 1049, 1050; see also, Allen v Allen, supra, at 709).

Crew III, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held defendant in contempt of court; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.