■ VILLAGE OF WESTHAMPTON BEACH, Appellant, v SUFFOLK ASPHALT SUPPLY, INC., Respondent. [676 NYS2d 643] —In an action to permanently enjoin the defendant from altering or

enlarging its asphalt plant without first obtaining (1) approval from the Village of Westhampton Beach Planning Board and the Village of Westhampton Beach Board of Zoning Appeals, and (2) a building permit and certificate of occupancy from the plaintiff, the plaintiff appeals (a) from an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 30, 1997, which denied its motion, *inter alia*, to punish the defendant for contempt of court for failing to obey a "counterorder" dated July 9, 1996, and (b), as limited by its brief, from so much of an order of the same court, dated December 6, 1997, as, upon reargument and renewal, adhered to its original determination in the order dated June 30, 1997.

Ordered that the appeal from the order dated June 30, 1997, is dismissed, as that order was superseded by the order dated December 6, 1997, made upon reargument and renewal; and it is further,

Ordered that the order dated December 6, 1997, is reversed insofar as appealed from, the order dated June 30, 1997, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of whether the defendant is guilty of contempt; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

By "counterorder" dated July 9, 1996, prepared by the defendant and served upon the plaintiff on August 8, 1996, the defendant was directed to "file, and diligently pursue such zoning, planning and building permit applications as are required by the Code of the Incorporated Village of Westhampton Beach" in connection with the modernization of its asphalt plant, which is a pre-existing nonconforming use under the Village zoning code.

By letter dated September 3, 1996, the plaintiff notified the defendant that it had not received "copies of the survey and proposed site plan as required under the Village Code", and urged compliance with the counterorder "so that we might avoid a motion for contempt". On September 5, 1996, at a meeting attended by one of the defendant's attorneys, the Planning Board of the Village of Westhampton Beach determined that the defendant's activities "may have a significant adverse environmental impact and that an environmental impact statement will be required".

By notice of motion dated December 4, 1996, the plaintiff moved, *inter alia*, to hold the defendant in contempt of court for failing to obey the counterorder. In opposition, the defendant noted that the plaintiff never served it with a copy of the counterorder. On or about December 26, 1996, the defendant

served the plaintiff with a drawing of the site. The plaintiff, in reply, submitted the affidavit of an engineer, stating that the drawing was "inadequate for purposes of a survey or site plan". One of the defendant's attorneys submitted a sur-reply affirmation stating that he was a former Village Attorney and that, in his opinion, the drawing was adequate.

By order dated June 30, 1997, the Supreme Court denied the plaintiff's motion, on the ground that the plaintiff failed to establish that it had served the defendant with a copy of the counterorder, or that the defendant had actual knowledge of its contents.

On August 4, 1997, the plaintiff personally served the defendant with a copy of the counterorder, and thereafter moved for reargument and renewal. The Supreme Court, by order dated December 6, 1997, granted reargument and renewal, but adhered to the original determination, noting, *inter alia*, that "the acceptability and conformity of the drawing or site plan is vouched for" by the defendant's attorney, and that the plaintiff had "not responded in any way to the site plan submitted in December 1996 by the defendant, thereby preventing the issuance of a draft environmental impact statement". The court further noted that the decision whether to punish the defendant for contempt was within its discretion.

The defendant had actual knowledge of the contents of the counterorder, since it prepared the counterorder and served it on the plaintiff. Therefore, the plaintiff's failure to serve the counterorder upon the defendant was not a basis for denying the application (*see, Puro v Puro,* 39 AD2d 873, *affd* 33 NY2d 805; *see also, McCain v Dinkins,* 84 NY2d 216).

The parties' motion papers present issues of fact, which require a hearing as to whether the defendant willfully failed to comply with the counterorder. The plaintiff's contentions, which were supported by detailed factual allegations, if true, would indicate that the defendant failed to comply with the counterorder, and that its failure to comply actually did defeat, impair, impede, or prejudice the plaintiff's rights. Therefore, the denial, without a hearing, of the plaintiff's application to hold the defendant in contempt was an improvident exercise of discretion (*see, Mulder v Mulder,* 191 AD2d 541). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.