■ PAUL WENSKOSKI, Respondent, v Janice WENSKOSKI, Appellant. [695 NYS2d 766] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Jung, J.), entered September 21, 1998 in Fulton County, which partially granted plaintiff's cross motion to, *inter alia*, enforce certain terms pursuant to a judgment of divorce.

The parties to this matrimonial action entered into an oral stipulation in open court which provided, *inter alia*, that plaintiff would convey to defendant a lot encompassing the marital residence and the abutting backyard containing a swimming pool and a shed. Defendant, in turn, was to convey to plaintiff vacant acreage located adjacent to the marital residence lot. The stipulation also created a "buffer zone" between the parties' properties. In dispute is the location of one of the boundary lines of this buffer zone, referred to in the stipulation as a wooden fenceline; a survey depicts at least two fencelines

on the property. Because of this dispute, the deed exchange was not effected and motions ensued, resulting, to the extent relevant to this appeal, in the issuance by Supreme Court of an order directing defendant to execute a deed to plaintiff purporting (according to plaintiff) to be in compliance with the terms of the oral stipulation. Defendant appeals.

The only argument meriting comment is defendant's contention that Supreme Court erred in enforcing the parties' stipulation without first allowing her to testify with regard to which of the fencelines she intended was to serve as the boundary of the buffer zone. Where, as here, a stipulation survives a judgment of divorce—the stipulation was incorporated but not merged into the decree—it is to be treated as an independent contract, subject to the principles of contract interpretation (*see, De Gaust v De Gaust*, 237 AD2d 862).

*Accordingly, Supreme Court's construction of the stipulation* should comport with the parties' intent as well as the stipulation's purpose as reflected by the record (*see, id.*, at 862). The stipulation described the buffer zone's boundary in relation to "the wooden fenceline along the rear of the land presently used as a backyard in conjunction with the residential lot". As it is clear from the survey map that but one fenceline borders the backyard, there is little doubt what the parties intended. There being no ambiguity in the stipulation concerning which fenceline was to function as the boundary for the buffer zone, resort to extrinsic evidence in the form of defendant's testimony as to which fenceline she intended was unnecessary (*see, Ives v Ives*, 96 AD2d 643; *cf., Cortese v Redmond*, 199 AD2d 785, 786; *Gentry v Stevens*, 145 AD2d 532, 533).

Mikoll, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.