■ KARMENDRA S. SIDHU, Appellant, v MANDEEP K. SIDHU, Respondent. [711 NYS2d 901] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated December 14, 1999, as, without a hearing, granted the defendant's motion and found him in contempt of court for failing to provide the defendant with a car as required by a prior order of the same court dated September 3, 1999.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, with costs to abide the event.

By order dated September 3, 1999 (hereinafter the prior order), the Supreme Court directed that the plaintiff husband, *inter alia,* furnish the defendant wife with a safe car with air conditioning within 15 days thereof. By order to show cause dated November 8, 1999, the defendant moved to hold the plaintiff in contempt for failing to comply with that portion of

the prior order. The Supreme Court granted the motion without holding a hearing, finding that a hearing was not necessary.

We agree with the plaintiff that a factual issue exists as to whether or not he complied with the prior order in that he furnished the defendant with a safe car with air-conditioning, but that the defendant refused to accept it. A hearing is required on that issue before the defendant can be held in contempt (see, Mastrantoni v Mastrantoni, 242 AD2d 825; see also, Heitzman v Heitzman, 105 AD2d 682). Accordingly, this matter is remitted to the Supreme Court, Nassau County for a contempt hearing.

Contrary to the plaintiff's contention, the order was clear, and did not require him to purchase a new car. However, contrary to the plaintiff's further contention, the order did not permit him to comply therewith by repairing the car currently owned by the defendant.

The plaintiff's remaining contentions are either without merit or need not be reviewed in light of this determination. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.