■ AMY L. MACKINNON, Respondent, v ROBERT A. MACKINNON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT A. MACKINNON, Appellant, v SHERIFF OF THE COUNTY OF ULSTER et al., Respondents. [716 NYS2d 449] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Czajka, J.), entered December 17, 1999 in Ulster County, which, *inter alia*, granted plaintiff's motion pursuant to Domestic Relations Law § 245 and Judiciary Law § 756 to hold defendant in contempt of court for failing to comply with certain terms of a judgment of divorce, and (2) from a judgment of said court, entered March 27, 2000 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

The parties' 45-year marriage was ended by a July 29, 1999 judgment of divorce which incorporated but did not merge a stipulation and agreement signed by the parties requiring defendant to pay weekly maintenance of $1,500 until lump-sum payments of $1.5 million, due by September 28, 1999, and $500,000, due by December 28, 1999, were made to plaintiff.

Because defendant failed to pay the stipulated weekly maintenance, plaintiff applied to Supreme Court to hold defendant

in contempt. After reviewing the motion papers and without holding a hearing, Supreme Court, in a letter decision dated September 29, 1999, found defendant "in contempt" of its judgment of divorce for failing to make weekly maintenance payments and awarded plaintiff counsel fees of $2,000 with an opportunity to either party to request a hearing if there was an objection as to the amount. Neither party requested a hearing on counsel fees and by order dated October 13, 1999 the court granted leave to plaintiff to enter money judgments against defendant in the amount of $18,000 and $2,000, representing weekly maintenance arrears and counsel fees, respectively. Defendant satisfied those judgments by paying plaintiff $60,000 on or about October 15, 1999.

Five days later plaintiff again applied pursuant to Judiciary Law § 756 and Domestic Relations Law § 245 to hold defendant in contempt for failure to make the $1,500,000 payment that was due to her by September 28, 1999. On the return date Supreme Court, after a colloquy with counsel, found defendant in "willful default" and "contemptuous refusal" to comply with the order of the court and held him in contempt. Further proceedings were scheduled for December 17, 1999 to "consider sentence recommendations" and to hold a hearing on the amount of counsel fees to be awarded to plaintiff. At the hearing, plaintiff offered only the testimony of her attorney in support of the request for additional counsel fees, and defendant attempted to give testimony concerning his inability to comply with the terms and conditions of the judgment of divorce. By order dated December 16, 1999,* the court granted plaintiff leave to enter a money judgment against defendant in the amount of $1,486,617.75, granted plaintiff counsel fees, but reserved on the amount and found defendant in contempt directing that he be immediately incarcerated in the Ulster County Jail for a period of up to six months or until he fully complied with terms of the judgment of divorce. Defendant appeals from this order.

After motions for a stay were denied and defendant was incarcerated, defendant sought a writ of habeas corpus (see, CPLR art 70) alleging that his incarceration was unlawful because Supreme Court failed to presumptively find that the required maintenance payments could not be enforced by resort to Domestic Relations Law §§ 243 or 244 or CPLR 5241 or 5242 (see, Domestic Relations Law § 245). Supreme Court

---

* Supreme Court's order was incorrectly dated. The record reflects the order was signed on December 17, 1999, the date of the proceedings before the court.

denied that application noting that the precise issue raised in the habeas corpus proceeding was "squarely before the Appellate Division" as a result of the first appeal. Defendant also appeals from Supreme Court's dismissal of the petition for a writ of habeas corpus which appeal was consolidated with defendant's earlier appeal by the April 20, 2000 order of this Court. At oral argument, counsel confirmed that defendant has served the imposed six-month prison sentence. Nevertheless, since "enduring consequences potentially flow from an order adjudicating a party in civil contempt" (*Matter of Bickwid v Deutsch*, 87 NY2d 862, 863), this appeal is not moot.

Turning to the merits, we note that the enabling statute, Domestic Relations Law § 245, requires a showing that less drastic means of enforcing maintenance payments directed to be paid by a judgment of divorce have been or would be ineffectual before holding a party in contempt (*see, Gadomski v Gadomski*, 256 AD2d 675, 678; *Mastrantoni v Mastrantoni*, 242 AD2d 825, 826; *Snow v Snow*, 209 AD2d 399, 401). Plaintiff has made no showing that she has exhausted less drastic enforcement remedies (*see, Snow v Snow, supra,* at 401) on this contempt application and defendant's payment of $60,000 to satisfy weekly maintenance arrears of $18,000 and a counsel fee award of $2,000 two days after Supreme Court granted leave to enter judgment on October 13, 1999 belies her argument that resort to less drastic enforcement means would be ineffectual. "[N]or does the record otherwise establish that these alternatives would be ineffective" (*see, Mastrantoni v Mastrantoni, supra,* at 826). To the contrary, it appears from the scant reference in the record on this issue that plaintiff was aware that defendant claimed real estate assets of over $6 million which were within the jurisdiction of the court. The record, however, fails to show that either party made any effort to establish by admissible evidence the value of such real estate or the extent of the liens or encumbrances filed against it. Notwithstanding defendant's apparent willful misconduct and cavalier attitude regarding compliance with his payment obligations to plaintiff, in the absence of the necessary showing as noted above, Supreme Court had no statutory authority to render a contempt citation (*see, id.*). Accordingly, that portion of Supreme Court's order entered December 17, 1999 must be reversed. With due regard to the fact that defendant is no longer incarcerated, and in light of our decision with respect to the first captioned appeal, defendant's appeal from Supreme Court's judgment entered March 27, 2000 is moot.

Crew III, J. P., Mugglin and Rose, JJ., concur. Ordered that

the order entered December 17, 1999 is modified, on the law and the facts, without costs, by deleting the third decretal paragraph, and, as so modified, affirmed. Ordered that the appeal from the judgment entered March 27, 2000 is dismissed, as moot, without costs.