■ Donna DeMeo, Respondent, v Thomas DeMeo, Appellant. [721 NYS2d 420] —Crew III, J. P. Appeal from an order of the Supreme Court (Coccoma, J.), entered January 19, 2000 in Delaware County, which, *inter alia*, granted plaintiff's motion to hold defendant in contempt for his willful failure to comply with certain terms of an order of the court.

Plaintiff commenced this action for divorce in June 1999 and thereafter moved by order to show cause for certain relief including, insofar as is relevant to this appeal, temporary maintenance and an award of counsel fees. Supreme Court deemed defendant's affidavit in opposition to be untimely and, by order entered August 19, 1999, awarded plaintiff $250 per week in temporary maintenance and interim counsel fees in the amount of $1,200, together with $291.50 in disbursements. Defendant moved to reargue, contending that Supreme Court erred in failing to consider his affidavit in opposition to plaintiff's application. By order entered September 8, 1999, Supreme Court granted defendant's motion to reargue, read and considered the affidavit in question and adhered to its prior decision regarding temporary maintenance and counsel fees. It does not appear that defendant appealed from either order.

Defendant subsequently failed to make the required payments to plaintiff, prompting her to move to have defendant held in contempt of court. Defendant opposed the application and cross-moved to, *inter alia*, reduce or eliminate his maintenance obligation. By order entered January 19, 2000, Supreme Court, *inter alia*, granted plaintiff's application, finding that defendant had willfully failed to tender the ordered payments. Supreme Court sentenced defendant to 30 days in the Delaware County Jail, with such sentence suspended until March

October 1998 and December 1998, respectively, are insufficient to warrant dismissal of the underlying petition.

1, 2000 to afford defendant sufficient time to purge the contempt by making the necessary payments. Defendant's subsequent application for a stay pending appeal of Supreme Court's January 19, 2000 order was granted by this Court.

As a starting point, to the extent that defendant contends that Supreme Court erred in initially failing to consider his affidavit in opposition to plaintiff's order to show cause seeking, *inter alia*, temporary maintenance and counsel fees, two brief observations must be made. First, defendant did not appeal from Supreme Court's August 19, 1999 order awarding temporary maintenance and counsel fees. More significantly, Supreme Court reviewed and considered the affidavit in question upon defendant's motion to reargue. Hence, defendant already has received all the relief to which he is entitled on this point.

We reach a similar conclusion regarding defendant's assertion that Supreme Court erred in granting plaintiff's request for temporary maintenance without conducting an evidentiary hearing. As noted previously, defendant did not appeal from Supreme Court's August 19, 1999 order awarding temporary maintenance, nor did he appeal from Supreme Court's September 8, 1999 order following reargument. Further, although defendant subsequently did cross-move to reduce or eliminate his maintenance obligation, Supreme Court determined such application to be a motion to reargue the issue of spousal maintenance, which Supreme Court denied. It is, of course, well settled that no appeal lies from the denial of a motion to reargue (*see, Evergreen Bank v Dashnaw*, 262 AD2d 737, 739). Finally, this Court repeatedly has held that the remedy for any perceived inequity in an award of temporary maintenance is a speedy trial (*see, e.g., Rossi v Rossi*, 262 AD2d 918) which, according to defendant, already has taken place. Again, defendant has received all the relief to which he is entitled.

Turning to plaintiff's contempt application, Domestic Relations Law § 245 requires that before a defaulting party may be held in contempt for nonpayment of any sum of money required by a judgment or order in an action for, *inter alia*, divorce, there must first be a showing that less drastic means of enforcement have been, or would be, ineffectual (*see, MacKinnon v MacKinnon*, 277 AD2d 636, 638; *Matter of Gadomski v Gadomski*, 256 AD2d 675, 678; *Mastrantoni v Mastrantoni*, 242 AD2d 825, 826). Specifically, it must appear "presumptively, to the satisfaction of the court" (Domestic Relations Law § 245), that payment cannot be enforced pursuant to Domestic Relations Law §§ 243 (sequestration) or 244 (money judgment)

or CPLR 5241 (income execution) or 5242 (income deduction). Although defendant now contends that plaintiff's showing on this point was inadequate, defendant failed to raise this issue before Supreme Court and, hence, has not preserved it for our review (*see, Gordon v Gordon*, 210 AD2d 929, 930). Moreover, were we to reach this issue, we would find plaintiff's showing to be sufficient. Plaintiff addressed each of the alternative enforcement mechanisms in her affidavit in support of the contempt application (*compare, Mastrantoni v Mastrantoni, supra*, at 826), and the record as a whole supports a finding that less drastic means of enforcement would be ineffectual.

We do, however, find merit to defendant's argument that Supreme Court erred in holding him in contempt without first conducting an evidentiary hearing. Although the record before Supreme Court plainly demonstrated that defendant was in arrears and, hence, had failed to comply with the court's directives regarding the payment of temporary maintenance and counsel fees, we are of the view that the record also presented a factual dispute as to whether defendant's default was willful. Unlike the defaulting spouse in *Cashman v Rosenthal* (261 AD2d 287), defendant, through counsel, expressly requested a hearing on the issue of his ability to pay. Moreover, whether defendant voluntarily reduced his income and/or filed for personal bankruptcy in order to avoid his support obligation constitutes a credibility determination that cannot be resolved on submissions alone. In short, as the record reveals a factual dispute as to defendant's ability to pay and the willfulness of his default, Supreme Court erred in finding defendant in contempt of court without first conducting an evidentiary hearing (*see, Mastrantoni v Mastrantoni*, 242 AD2d 825, 826, *supra*; *Gifford v Gifford*, 223 AD2d 669, 670), and this matter must be remitted to Supreme Court for such a hearing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held defendant in contempt of court; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.