■ DEBRA A. BENNETT, Appellant, v JOHN M. BENNETT, Respondent. [753 NYS2d 400] —Rose, J. Appeal from that part of

an order of the Supreme Court (Coccoma, J.), entered May 14, 2001 in Otsego County, which denied plaintiff's motion to, inter alia, hold defendant in contempt.

In a January 2000 divorce judgment, Supreme Court ordered defendant to pay plaintiff $55,111.31, representing the balance of her one-half share of certain fire insurance proceeds, within 15 days. In December 2000, plaintiff moved for an order holding defendant in contempt for his continuing failure to pay this award. At a hearing on the motion, defendant admitted that he had not made the ordered payment nor requested the return of the insurance proceeds from his parents, to whom he had previously given these and other funds. Despite finding defendant's default to be willful, Supreme Court denied plaintiff's motion by holding that contempt for nonpayment pursuant to Domestic Relations Law § 245 "is not appropriate unless the relief sought cannot be enforced by alternate means or methods." Finding that an income execution had not been shown to be unavailable, the court awarded her a money judgment for the full amount, plus interest and counsel fees. Plaintiff appeals.

Since the record demonstrates that an income execution on defendant's earnings of approximately $700 per week would be ineffectual in light of the time it would take to recover payment in full, we conclude that plaintiff's application for an order of contempt was sufficient to show "that less drastic means of enforcement have been, or would be, ineffectual" (*DeMeo v DeMeo*, 281 AD2d 662, 663; *see Farkas v Farkas*, 209 AD2d 316, 318). In these particular circumstances, Supreme Court incorrectly concluded that a prerequisite of Domestic Relations Law § 245 was not met and that it could not issue a contempt order (*cf. Mastrantoni v Mastrantoni*, 242 AD2d 825, 826).

Cardona, P.J. and Lahtinen, J., concur.

Mugglin, J. (concurring). We concur in the result reached by the majority, but would expand the rationale. We agree that our prior decisions require a showing that a remedy less drastic than contempt must be shown to be ineffectual before contempt is appropriate (*see e.g. DeMeo v DeMeo*, 281 AD2d 662 [enforcement of support]; *MacKinnon v MacKinnon*, 277 AD2d 636 [enforcement of periodic maintenance and a lump-sum award]; *Mastrantoni v Mastrantoni*, 242 AD2d 825 [enforcement of payment of debt assumed]). Nevertheless, it is our view that care must be taken to differentiate between what may be an effectual remedy to enforce a periodic payment, such as support and maintenance, and what would be effectual to enforce distribution of a marital asset.

Here, the divorce judgment directed defendant to divide the

fire insurance proceeds evenly with his former spouse and, in direct violation of the order, he instead gave the money to his parents. We would hold that any remedy that does not require him to pay the judgment with reasonable promptness is ineffectual. Anything less penalizes plaintiff, rewards defendant for his willful violation of the order, and destroys the equitable nature of the distribution of assets crafted by Supreme Court in its previous decision.

Kane, J., concurs. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.