■ KIMBERLY E. KAYEMBA, Respondent, v CHRISTIAN KAYEMBA, Appellant. [766 NYS2d 136] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 7, 2003 in Albany County, which, inter alia, granted plaintiff's motion to hold defendant in contempt.

The parties were divorced by a July 2000 judgment that incorporated the terms of a stipulation under which defendant agreed to pay, among other things, what was later deemed to be maintenance in the amount of $424.12 monthly, child support in the amount of $488.30 biweekly and 64% of child care costs. In September and November 2000, Supreme Court granted plaintiff money judgments for accrued arrears based upon defendant's failure to pay the ordered amounts. The court's November order also provided for an income deduction in the amount of $225 biweekly for defendant's share of child

care costs. In October 2002, after defendant petitioned for modification of child support in Family Court, plaintiff moved in Supreme Court seeking to have that court assume jurisdiction of defendant's petition, award her additional arrears, hold defendant in contempt and increase the deduction order to 65% of defendant's income. Without holding a hearing as to either modification or contempt, Supreme Court denied defendant's petition and granted all of the relief sought by plaintiff, including an award of counsel fees. This appeal by defendant ensued.

Although not persuaded that Supreme Court erred in awarding plaintiff counsel fees, we find merit in defendant's contention that the court could not hold him in contempt because plaintiff did not show that a less drastic means of enforcement would be ineffectual (*see* Domestic Relations Law § 245). Plaintiff neither claimed that an income deduction order would be ineffectual, nor did she otherwise address this prerequisite. Instead, her request for an increased income deduction order sufficient to cover all of defendant's support obligations and provide $363 biweekly towards arrears indicates that support could be enforced pursuant to CPLR 5242. Since this alternate means of enforcement was sought and granted, Supreme Court lacked statutory authority to find defendant in contempt (*see MacKinnon v MacKinnon,* 277 AD2d 636, 638 [2000]; *Murray v Murray,* 269 AD2d 433, 433 [2000]; *Mastrantoni v Mastrantoni,* 242 AD2d 825, 826 [1997]; *cf. Bennett v Bennett,* 301 AD2d 806, 807 [2003]).

Our review of the record also reveals support for defendant's claim that, given the parties' changed financial circumstances, it was error to deny his petition for modification of child support without conducting a hearing. In her reply affidavit opposing modification, plaintiff admits that her income increased by $16,000, or more than 50%, since the divorce. Supreme Court apparently overlooked this in finding only a slight increase by comparing her annual salary beginning in December 2002 with her earnings during the previous year. In addition, defendant's claimed financial hardship was documented by the inclusion of bills, bank statements, past due notices and a sworn financial disclosure affidavit in his opposing papers. Since plaintiff did not question the expenses claimed by defendant or dispute that they significantly exceeded his disposable income, defendant's submissions regarding plaintiff's undisputed increase and his own hardship are sufficient to raise issues of fact and require a hearing as to whether an unanticipated or unreasonable change in circumstances warrants modification of support (*see*

*Matter of Gravlin v Ruppert,* 98 NY2d 1, 5-6 [2002]; *Matter of Bukovinsky v Bukovinsky,* 299 AD2d 786, 787 [2002], *lv dismissed* 100 NY2d 534 [2003]; *Matter of De Luca v Randall,* 285 AD2d 684, 686 [2001]; *cf. Matter of Watrous v Watrous,* 295 AD2d 664, 666 [2002]).

Finally, although the record supports defendant's claim that the original November 2000 income deduction order withheld more than his stipulated 64% share of child care costs, we are precluded from reviewing the issue because defendant took no appeal from the original deduction order and was bound by its terms (*see Matter of Carella v Collins,* 272 AD2d 645, 646 [2000]; *Matter of Garrison v Muller,* 256 AD2d 753, 754 [1998]). In any event, child support overpayments generally cannot be recouped (*see Baraby v Baraby,* 250 AD2d 201, 205 [1998]). Thus, Supreme Court did not err in denying defendant a credit against arrears for the overpayments.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's application for child support and granted plaintiff's motion to hold defendant in contempt; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.