■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD SMULCZESKI, on Behalf of MARIE SMULCZESKI, Respondent, v SUSAN SMULCZESKI, Appellant. [795 NYS2d 695]—

In a habeas corpus proceeding to obtain custody of the parties' daughter, Marie, the mother appeals (1) from a so-ordered transcript of the Supreme Court, Suffolk County (Whelan, J.),

dated June 17, 2004, and (2), as limited by her brief, from so much of an order and judgment (one paper) of the same court, dated July 28, 2004, as, without a hearing, granted the father's motion to hold her in contempt, committed her to 30 days incarceration, directed her to pay an award of an attorney's fee in the amount of $3,500, and denied her cross motion, inter alia, for recusal.

Ordered that the appeal from the so-ordered transcript is dismissed, without costs or disbursements (*see* CPLR 7011; *Matter of Wilkes v Wilkes*, 212 AD2d 719 [1995]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the father's motion to hold the mother in contempt, committing her to 30 days' incarceration, and directing her to pay an award of an attorney's fee in the amount of $3,500, and substituting therefor a provision directing a hearing on the motion; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the mother, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith, and a new determination of the motion thereafter.

A hearing must be held on a motion to adjudicate a party in contempt if issues of fact are raised (*see Mulder v Mulder*, 191 AD2d 541 [1993]; Judiciary Law § 772). Here, the motion papers presented issues of fact as to whether the mother willfully failed to comply with the Supreme Court's order directing her to return the parties' daughter Marie to the father. Accordingly, the Supreme Court erred in holding the mother in contempt without first conducting an evidentiary hearing (*see DeMeo v DeMeo*, 281 AD2d 662; *Sidhu v Sidhu*, 274 AD2d 465 [2000]; *Village of Westhampton Beach v Suffolk Asphalt Supply*, 253 AD2d 425 [1998]). At the conclusion of the hearing, the father may renew that branch of his motion which was for an award of an attorney's fee, if appropriate.

Contrary to the mother's contention, there is no basis for the court's recusal. Absent a ground for disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of whether recusal is warranted. "[T]his discretionary decision is within the personal conscience of the court" (*People v Moreno*, 70 NY2d 403, 405 [1987]; *see People v Grier*, 273 AD2d 403 [2000]). The mother failed to set forth any proof of bias or prejudice. Therefore, the Supreme Court providently exercised its discretion in denying that branch of the mother's cross motion which was for recusal (*see Matter of Susan B.*, 264 AD2d 478 [1999]; *Muller v Muller*, 221 AD2d 635 [1995]).

The mother's remaining contentions are either not properly

before this Court or are without merit. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.