Lynch, J.
 

 Appeal from an order of the Supreme Court (Reilly Jr., J.), entered December 30, 2015 in Schenectady County, which, upon reargument, directed, among other things, defendant to pay plaintiff certain amounts.
 

 Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in September 1980 and divorced in January 1998. The judgment of divorce incorporated, but did not merge, a separation agreement executed in 1988, as amended in a 1998 addendum. In relevant part, the separation agreement provided that “[n] either party at any time shall contract any debts, charges or liability whatsoever, for which the other party . . . shall or may become liable for; and the [h]usband and [w]ife covenant and agree that they will keep each other free and indemnify from any and all debts, charges and liabilities hereinafter contracted or incurred by the other party.” Pursuant to the addendum, the parties agreed that the husband would purchase the marital residence, and the husband acknowledged his obligation to pay a 1993 note and mortgage in the amount of $50,000 held by the wife to secure her interest in the property. In 2000, the husband signed a “mortgage note” to consolidate certain debt owed to the wife under the separation agreement as amended, including the amount due on the 1993 note.
 

 In April 2012, the wife was informed by a credit card company that the husband had stopped making payments on a credit card that was once jointly held but was assumed by the husband when the parties separated. She obtained a copy of her credit report and learned that a personal loan in the amount of $6,810 had been taken on the same credit card. The wife paid the credit card debt and, in October 2012, she moved by order to show cause for an order pursuant to CPLR 5104 punishing the husband for contempt for his failure to comply with the provisions of the judgment. In addition to seeking indemnification for the credit card debt, the wife also sought an order directing the husband to pay her the amount she claimed was due pursuant to the mortgage note executed in 2000. After an evidentiary hearing, Supreme Court denied the wife’s motion. The court thereafter granted the wife’s motion to reargue and directed the husband to pay the wife $6,301.17 towards the credit card debt, $23,651 plus interest in the amount of $17,738.25 pursuant to the terms of the note, together with counsel fees in the amount of $11,000. The husband now appeals.
 

 This appeal presents two threshold issues. First, whether the wife can enforce the separation agreement and the 2000 mortgage note by order to show cause, and, second, whether enforcement of either or both is barred by the statute of limitations. With respect to the credit card debt, the wife testified that at the time the parties divorced, the credit card had a zero balance. The husband acknowledged that he used the credit card from 1997 until 2010 and claimed that he attempted to remove the wife’s name from the account. The wife indisputably paid off the debt. As for the mortgage note, the wife testified that the husband made payments in the amount of approximately $23,000 pursuant to the 1993 mortgage note. In 2000, the husband executed the second note in the amount of $23,651, which represented the remaining sum due to the wife after the sale of the marital residence. Pursuant to the second mortgage note, the husband was required to make monthly payments for a period of seven years, but the wife testified that no payments were made.
 

 Initially, we reject the husband’s argument that the wife was obligated to commence a plenary action to enforce the terms of the separation agreement. “A separation agreement that is incorporated into, but does not merge with, a subsequent judgment of divorce is a legally binding, independent contract between the parties and is interpreted so as to give effect to the parties’ intent” (Bell v Bell, 151 AD3d 1529, 1529 [2017] [citations omitted]). Where, as here, a separation agreement is incorporated within a judgment of divorce, the judgment may be enforced by “application . . . upon such notice to the spouse ... as the court may direct” (Domestic Relations Law § 244; see Parnes v Parnes, 41 AD3d 934, 936 [2007]; Enck v Enck, 228 AD2d 999, 1000 [1996]). We do agree with the husband that Supreme Court was not authorized to punish him for contempt because the wife “did not allege that any non-contempt enforcement method had been attempted or would not be effective” (Parnes v Parnes, 41 AD3d at 936; see MacKinnon v MacKinnon, 277 AD2d 636, 638 [2000]; Mastrantoni v Mastrantoni, 242 AD2d 825, 826 [1997]).
 
 [1]
 
 That said, since the husband was clearly on notice, we find that Supreme Court properly characterized the wife’s application to be indemnified for the credit card payment as one for enforcement pursuant to Domestic Relations Law § 244 (see Parnes v Parnes, 41 AD3d at 936). Since the covenant against debts derives from the separation agreement that was incorporated into the judgment, a plenary action to formalize that obligation was not necessary, and the wife was entitled to enforce this obligation through a Domestic Relations Law § 244 motion (see Kraus v Kraus, 131 AD3d 94, 102 [2015]).
 

 We reach a different result with regard to the enforcement of the 2000 mortgage note. By the 1998 addendum, the parties added various provisions to the separation agreement “as if fully incorporated therein.” Pertinent here, the addendum includes the husband’s acknowledgment of the 1993 note and mortgage payable to the wife. The 2000 note expressly provided that the document “consolidated and coordinated” “a number of documents, including [the] [separation [a]greement . . . and [the 1993 note and mortgage] ... so that together there is owed the sum set [forth] in this agreement.” Notably, it provided that “[a] 11 terms and conditions of the prior documents that are in conflict with any terms and conditions of this note shall be controlled by the terms and conditions of this note and security agreement so that in the future only this note and security agreement exists” (emphasis added). Given the underscored phrase, we conclude that the 2000 mortgage note effectively superceded the first note and cannot be treated as having been incorporated into the prior judgment of divorce. Since there is no separate order directing payment of the 2000 mortgage note, payment could not be enforced pursuant to Domestic Relations Law § 244 (see Baker v Baker, 66 NY2d 649, 651 [1985]; Anonymous v Anonymous, 27 AD3d 356, 360 [2006]; Mendler v Mendler, 158 AD2d 276, 277 [1990]; compare Curtis v Curtis, 132 AD2d 850, 852 [1987]).
 

 Next, we reject the husband’s argument that the enforcement of the separation agreement is barred by the statute of limitations. In general, a statute of limitations defense applies to actions and special proceedings (see CPLR 105 [b]; 201). The husband correctly argues that an action to enforce a distributive award in a matrimonial action is subject to the six-year statute of limitations set forth in CPLR 213 (1) and (2) (see Tauber v Lebow, 65 NY2d 596, 598 [1985]). Here, however, the wife’s motion to enforce the terms of the separation agreement pursuant to Domestic Relations Law § 244 is not an action and thus not subject to the statute of limitations set forth in CPLR 213 (2) (see Denaro v Denaro, 84 AD3d 1148, 1149 [2011], lv dismissed 17 NY3d 921 [2011]; Bayen v Bayen, 81 AD3d 865, 866 [2011]; Fragin v Fragin, 80 AD3d 725 [2011]; but cf. Allard v Allard, 145 AD3d 1254, 1256 [2016]).
 

 Turning to the merits, the hearing testimony established that the husband had sole access to and responsibility for the credit card since the 1998 judgment of divorce. The wife testified that she had not used the credit card since at least 1996, and the husband testified that he did use the credit card until at least 2010. The husband also acknowledged signing an affidavit in 2003 stating that he had exclusive use of the credit card since 1997, that he had notified the credit card company to remove plaintiff’s name on several occasions, and that he was the sole party responsible for the card since the parties’ divorce. Accordingly, we find that Supreme Court properly granted the wife’s motion seeking indemnification from the husband
 
 [2]
 
 for the amount paid on the credit card.
 

 Finally, with respect to the counsel fee award, we recognize that under Domestic Relations Law § 238, a court is authorized to award counsel fees in an enforcement proceeding to compel the payment of money (see Desautels v Desautels, 80 AD3d 926, 930 [2011]; Cheruvu v Cheruvu, 61 AD3d 1171, 1175 [2009]). The wife’s application for counsel fees was addressed during the hearing, with Supreme Court directing the wife’s counsel to submit an affidavit of services. Since the record on appeal does not include that affidavit, and the court did not elaborate on the calculation of the $11,000 award — which it characterized as a “fine” — we remit the issue of counsel fees to that court for a determination in accord with Domestic Relations Law § 238 (see Cheruvu v Cheruvu, 61 AD3d at 1174-1175).
 

 McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff $41,389.25 pursuant to the mortgage note and $11,000 in counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 [1]
 

 . Following this decision, Domestic Relations Law § 245 was amended to allow applications to be made without demonstrating prior enforcement attempts (see Domestic Relations Law § 245, amended by L 2016, ch 365, § 1, eff Sept. 29, 2016).
 

 [2]
 

 . Supreme Court awarded $6,301.17, but the wife paid $10,026. The wife did not file a cross appeal.