MF v PF (2024 NY Slip Op 51350(U))

[*1]

MF v PF

2024 NY Slip Op 51350(U)

Decided on September 23, 2024

Supreme Court, Richmond County

Castorina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2024
Supreme Court, Richmond County

MF, Plaintiff,

against
PF, Defendant.

Index No. REDACTED

Counsel for the Plaintiff
Joseph Andrew O'Shea, Esq.
The Law Firm of Joseph A. O'Shea 
260 Christopher Lane
Staten Island, NY 10314 
Phone: (718) 816-1110 
E-mail: info&commat;oshealegal.com
Counsel for the Defendant: 
Benjamin Haber, Esq.
The Law Office of Benjamin Haber 
36 Richmond Ter, Ste 301
Staten Island, NY 10301 
Phone: (718) 442-0960 
E-mail: benhaber&commat;gmail.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion #007) numbered 62-63, 67-69, 73-77, 80-81 were read on this motion. Oral argument was completed on September 9, 2024.
Upon the foregoing documents, Motion Sequence No. 007 is resolved and therefore, it is hereby,
ORDERED, that Plaintiff's Motion Sequence No. 007 is DENIED in its entirety with prejudice; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
Memorandum Decision
I. Procedural History
Plaintiff MF and Defendant PF were married on February XX, 1999. On March 17, 2009, Plaintiff and Defendant entered a stipulation of settlement (Exhibit A) resolving all issues of their matrimonial action (NY St Cts Filing [NYSCEF] Doc No. 62). On said date, the parties were allocated by the Court, Hon. Barbara I. Panepinto, and an inquest was completed (Exhibit B). (see id). The Court further granted a Judgment of Divorce to the parties on October 28, 2009 (Exhibit C2). (see id).
On April 11, 2024, Plaintiff filed via NYSCEF a proposed Order to Show Cause, which the Court signed on April 12, 2024. Plaintiff seeks (a) a finding of contempt against the Defendant alleging willful and deliberate actions in violating the Order of the Court dated October 28, 2009, pursuant to Domestic Relations Law § 236 [B] [5], as contained in the Stipulation of Settlement dated March 17, 2009, in that the Defendant failed to pay to the Plaintiff the agreed upon sum of $25,211.85 as and for her share of the proceeds from the sale of the marital home; (b) Defendant to remit a payment to the Plaintiff in the sum of $25,211.85 plus interest; (c) Defendant to pay the Plaintiff, MF, the sum of $3,000.00 for counsel fees incurred in bringing this application and (d) such other, further and different relief as to this Court may seem just and proper.
Defendant filed opposition on July 9, 2024. Plaintiff filed reply on August 29, 2024. Oral argument was completed on September 9, 2024.
This is a Decision and Order on Motion Sequence No. 007.
II. Facts
On March 17, 2009, Plaintiff and Defendant entered into a comprehensive settlement agreement resolving all the issues in their underlying divorce action. (NY St Cts Filing [NYSCEF] Doc No. 62). Plaintiff and Defendant were divorced by Judgment of the Court, Hon. Barbara I. Panepinto, dated October 28, 2009, and the Stipulation of Settlement was incorporated but not merged into the Judgment of Divorce.
Article V, Subsection C of the stipulation of settlement provides: "Husband deposited $50,423.70 in a Commerce Savings Bank Account, No. 296457955 in the name of the parties' child, AF, on October 4, 2007. Wife is entitled to $25,211.85 from that account. Wife's share of $25,311.85 will be paid from Husband's share of proceeds from the sale of the marital residence." (see id at page 20).
The Findings of Fact and Conclusions of Law provide:
ELEVENTH: Pursuant to the written Stipulation of Settlement entered into by the parties on March 17, 2009, the following is marital property:
A. The marital residence is located at 64 Fahy Avenue, Staten Island, New York 10314, and was to be placed on the market with multiple listings immediately, i.e., within ten days of the execution of this Agreement. Plaintiff has vacated the residence as of March 10, 2009. Defendant shall have exclusive use and occupancy of the marital residence and be responsible for all mortgage, taxes and utilities. Any default in monthly mortgage payments and carrying charges between May 1, 2008 and December 30, 2008 shall be charged totally to Defendant in the distribution of the equity from the home at the time of sale. Plaintiff has defaulted on mortgage payments for January, February and March 2009 [*2]and that shall be charged totally to her in the distribution of the equity from the home at the time of sale, Defendant shall give notice to Plaintiff of when the marital residence is going to contract for sale and she shall be given a copy of the contract. She shall have Notice of the closing of the sale and shall have the right to be present for the closing. Defendant has represented that he shall retain an attorney for the closing and shall authorize the attorney to hold the proceeds of the sale in his escrow account until the parties shall have determined a final distribution according to the terms of their Stipulation of Settlement which is to be incorporated but not merged into any Judgment of Divorce, and any arrears in payments of equitable distribution, child support, maintenance and the $5000.00 in relocation fees ordered by the Court to be given to Plaintiff shall be paid from Defendant's share of the equity in the marital residence.
C. Defendant deposited $50,423.70 in a Commerce Savings Bank Account, No. 296457955 in the name of the parties' child, AF, on October 4, 2007. Plaintiff is entitled to $25,21 1.85 from that account. Her share of $25, 211,85 will be paid from Defendant's share of the proceeds from the sale of the marital residence. (see id at pages 59-60).
The marital residence, XX XXXX Avenue, Staten Island, New York 10314, was originally listed at $375,000.00 but was reduced to $325,000.00 due to the inability to sell the property. (NY St Cts Filing [NYSCEF] Doc Nos. 73; 75; 76). The U.S. Department of Housing and Urban Development filing with a settlement date of November 3, 2011 provides as follows:

Contract Sale Price

$325,000.00

Adjustments for Items Paid by Seller in Advance

$544.32

Gross Amount Due Seller

$325,544.32

Settlement Charges to Seller

(-$36,150.34)

Payoff First Mortgage Loan Bank of America

(-$288,893.98)

NY Property Condition Disclosure Credit

(-$500.00)

Amount Due Seller

$0.00

(NY St Cts Filing [NYSCEF] Doc No. 75).
Plaintiff contends in her affidavit that Defendant is not in compliance with the Court Order dated October 28, 2009, regarding his failure to remit payment to the Plaintiff from his share of the [*3]proceeds from the sale of the marital residence in the amount $25,211.85. (NY St Cts Filing [NYSCEF] Doc No. 62 at pages 5-7). Plaintiff further seeks an award of counsel fees for the expense of bringing this motion. (see id at pages 7-8).
Defendant contends that in addition to the fact that Defendant received the sum of zero from the sale of the marital home, this action being brought almost fifteen years after the incorporation but not merger of the stipulation of settlement into the Judgment of Divorce dated October 28, 2009, and almost thirteen years after the sale of the marital home exceeds the six year statute of limitations on this action.
Plaintiff counters that a motion to enforce the terms of a divorce as well as separation agreements is not an action and thus not subject to the statute of limitations. (NY St Cts Filing [NYSCEF] Doc No. 62 at pages 5-7).
III. Discussion
"A distributive award is intended to reflect the equitable distribution of the marital assets between the parties" (see Kaufman v Kaufman, 189 AD3d 31 [2d Dept 2020]). The applicable section of the parties' stipulation of settlement, Article V entitled "Marital" Property addresses the "distribution of the equity from the home at the time of sale." (NY St Cts Filing [NYSCEF] Doc No. 62 at pages 18-20). Article V, Subsection C of the stipulation of settlement provides: "Husband deposited $50,423.70 in a Commerce Savings Bank Account, No. 296457955 in the name of the parties' child, AF, on October 4, 2007. Wife is entitled to $25,211.85 from that account. Wife's share of $25,311.85 will be paid from Husband's share of proceeds from the sale of the marital residence." (see id at page 20). This amount is clearly a distributive award is intended to reflect the equitable distribution of the marital assets between the parties. (see Kaufman v Kaufman, 189 AD3d 31 [2d Dept 2020]).
The Second Department's holdings have been clear in that an action to enforce a distributive award in matrimonial action is governed by the six-year statute of limitations set forth in CPLR § 213 [1] and CPLR § 213 [2]. (see Bayen v Bayen, 81 AD3d 865 [2d Dept 2011] citing Tauber v Lebow, 65 NY2d 596 [1985]; Woronoff v Woronoff, 70 AD3d 933 [2d Dept 2010]; Duhamel v Duhamel, 188 Misc 2d 754 [Sup Ct Monroe County 2001], affd Duhamel v Duhamel, 4 AD3d 739 [4th Dept 2004]).
A distributive award made in a stipulation of settlement and incorporated by not merged into a Judgment of Divorce as was the case in this matter is not a money judgment subject to a 20-year statute of limitations. (see Woronoff v Woronoff, 70 AD3d 933 [2d Dept 2010] citing Tauber v Lebow, 65 NY2d 596 [1985]; Patricia A.M. v Eugene W.M., 24 Misc 3d 1012 [Sup Ct Erie County 2009]).
Plaintiff cites the Third Department case of Holsberger v Holsberger, 154 AD3d 1208 [3d Dept 2017], which is distinct from this matter in that in Holsberger the parties' executed a post judgment "mortgage note" to consolidate certain debt owed to the wife under the separation agreement as amended, including the amount due on previous mortgage owed to the wife by husband's purchase of the marital home. Unlike in Holsberger where the parties' incorporated a mortgage agreement into their Judgment of Divorce, here the matter is strictly one of a distributive award, which the Third Department as well holds that "an action to enforce a distributive award in a matrimonial action is subject to the six-year statute of limitations set forth in CPLR § 213 [1] and [CPLR § 213] [2]." (see id citing Tauber v Lebow, 65 NY2d 596 [1985].
Plaintiff cites Brewster v Anthony-Brewster, 174 AD3d 566 [2d Dept 2019], which is distinct in that it does not address the enforcement of a distributive award but rather the enforcement of an Order that certain real property located in Brooklyn "be sold".
Plaintiff cites the Third Department in Hardy v Hummel, 221 AD3d 1100 [3d Dept 2023], which provides "[w]here . . . a stipulation survives a judgment of divorce . . . it is to be treated as an independent contract, subject to the principles of contract interpretation" (see id quoting Wenskoski v Wenskoski, 265 AD2d 635 [3d Dept 1999]; citing Wenskoski v Wenskoski, 265 AD2d 635 [3d Dept 2000] lv denied Su v Su, 2000 NY LEXIS 1044 [2000]).
This is not the case in Hardy v Hummel or here. The record in Hardy v Hummel discloses that "the settlement agreement was approved by the Indiana court and 'made a part of' the Indiana decree. The decree further directed that '[e]ach of the parties is bound by the terms and conditions of the [a]greement as an [o]rder of this [c]ourt.' Given that the settlement agreement merged into the decree, the agreement 'cease[d] to exist as a separately enforceable contract'" (see Hardy v Hummel, 221 AD3d 1100 [3d Dept 2023] quoting Rainbow v Swisher, 72 NY2d 106 [1988]). The stipulation of settlement in the instant matter was merged but not incorporated into the Judgment of Divorce.
Plaintiff further cites the Second Department case of Fragin v. Fragin, 80 AD3d 725 [2d Dept 2011], which is also distinct from this matter in that Fragin v. Fragin does not involve a distributive award, but rather addresses a party's obligation to contribute to the basic graduate school expenses solely with respect to the parties' unemancipated children.
The Second Department's holdings have been clear and consistent in holding in actions such as this one to enforce distributive awards in matrimonial actions is governed by the six-year statute of limitations set forth in CPLR § 213 [1] and CPLR § 213 [2]. Accordingly, Plaintiff's Motion Sequence No. 007 is DENIED in its entirety with prejudice.
Decretal Paragraphs
It is hereby ORDERED, that Plaintiff's Motion Sequence No. 007 is DENIED in its entirety with prejudice; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: September 23, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT