Keller v Keller (2026 NY Slip Op 00952)

Keller v Keller

2026 NY Slip Op 00952

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1617
[*1]Stephen Keller, Plaintiff,
vCheryl Keller, Appellant.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

James M. Bryant, Schoharie, for appellant.

Corcoran, J.
Appeal from an order of the Supreme Court (James Ferreira, J.), entered July 23, 2024 in Schoharie County, which partially denied defendant's motion to, among other things, hold plaintiff in contempt.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were divorced in October 2017. The judgment of divorce incorporated, but did not merge, the parties' oral stipulation placed on the record in June 2017 requiring the husband to either purchase the wife's interest in the marital home for $48,500 or list it for sale within 120 days of the judgment. After the husband failed to comply, Supreme Court ordered him to allow the wife to retrieve certain personal property and to immediately list the residence for sale. In November 2020, the wife moved to hold the husband in contempt, alleging that he both failed to return her property and list the home for sale. In August 2021, Supreme Court adjudged the husband in civil contempt and fined him in the amount of $48,828.71, representing the value of the wife's equity in the home, plus nominal amounts for interfering with her attempt to obtain personal items, wasted moving expenses and reasonable counsel fees. Following other fruitless attempts to obtain the husband's compliance, the wife moved in September 2023 for an order pursuant to Judiciary Law §§ 753 and 756 holding the husband in civil contempt for, among other things, failing to pay the $48,828.71 fine. Following a hearing, the court issued an oral decision denying the wife's request to hold the husband in contempt and to incarcerate him. The wife appeals.[FN1]
Where a spouse defaults in paying any sum required by a divorce judgment or order, the aggrieved spouse may move under Judiciary Law § 756 for an order to punish by fine or commitment without first applying "for enforcement [of the monetary obligation] by any other means" (Domestic Relations Law § 245). Following its amendment in 2016, Domestic Relations Law § 245 no longer requires that a party demonstrate that there is no other adequate remedy at law before seeking contempt (see Domestic Relations Law § 245, as amended by L 2016, ch 365, § 1; Vicedomine v LaRose-Vicedomine, 174 AD3d 1174, 1175 n 2 [3d Dept 2019]; Holsberger v Holsberger, 154 AD3d 1208, 1210 n 1 [3d Dept 2017]). Accordingly, Supreme Court erred in determining that contempt relief was unavailable based upon the wife's purported failure to establish that less drastic enforcement measures, including those available under CPLR article 52, had been exhausted or would be ineffectual.
Additionally, Supreme Court erred when it denied the wife's motion to hold the husband in contempt. To sustain a finding of civil contempt for violation of the terms of an order, the movant must "establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party . . . disobeyed that order, and that this conduct prejudiced the opposing party's [*2]rights" (Matter of Michelle L. v Steven M., 227 AD3d 1159, 1163-1164 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Brett J. v Julie K.,209 AD3d 1141, 1145 [3d Dept 2022]; see JudiciaryLaw § 753). A court's determination whether to hold a party in civil contempt is reviewed only for an abuse of discretion (see DeCrescenzo v Suslak, 238 AD3d 1406, 1411 [3d Dept 2025], lv dismissed 44 NY3d 1004 [2025]; Seale v Seale, 154 AD3d 1190, 1192 [3d Dept 2017]). Where the alleged contemnor asserts as a defense his or her inability to pay a sum due under a court mandate, he or she must present a specific showing of his or her financial status and may not rely upon a vague or conclusory denial (see El-Dehdan v El-Dehdan, 26 NY3d 19, 36 [2015]).
Here, the wife established by clear and convincing evidence that the husband had actual knowledge of Supreme Court's clear and unequivocal August 2021 order, that he failed to comply with its mandate by not paying the $48,828.71 fine and that his noncompliance prejudiced the wife by depriving her of her equity in the marital home. She also established that the husband allowed the marital home to be sold at a tax foreclosure sale, and that he liquidated a retirement account and spent the $50,000 proceeds despite his actual knowledge that he had been ordered to pay the wife $48,828.71. Thus, a finding of civil contempt was amply justified on this record. Supreme Court did not expressly determine whether the husband satisfied his burden of establishing an inability to pay the fine, and the present record is insufficient to evaluate the merits of that defense. We therefore remit to Supreme Court for further proceedings, including a determination of whether the husband established any defense, and to consider appropriate penalties and purge conditions (see Carver Fed. Sav. Bank v Shaker Gardens, Inc., 167 AD3d 1337, 1343-1344 [3d Dept 2018]; Barlette v Barlette, 95 AD3d 1624, 1625 [3d Dept 2012]).
Garry, P.J., Clark, Pritzker and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to hold plaintiff in contempt; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The husband did not participate in this appeal.