(April 8, 1980)

■ LOREN E. ROSENTHAL, Appellant, v ELAINE ROSENTHAL, Respondent.

Kupferman, J., dissents in part in the following memorandum: I dissent in part only with respect to the defendant-respondent's second contention as to religious school training. To the extent that the order of the court at Special Term can be interpreted to be limited solely for a hearing on the question of defendant's financial condition, it would be in error, because the agreement provides that "the father will be responsible and shall pay for school, religious training, day camp and summer camp for the child, provided, however, that: (1) he is given an equal voice in choosing such school and camp; and (2) that he is financially able to do so". There is no provision in the agreement that the schooling shall be at a religious school. Further, public policy suggests emphasis on the public school system, here in Great

Neck and adequate. (See *Berry v Berry*, 56 AD2d 522, 523; *Tannenbaum v Tannenbaum*, 50 AD2d 539, 540.) To the extent that the agreement requires that religious training shall be provided, it need not be as part of general schooling. Order filed.