■ LOREN E. ROSENTHAL, Appellant, v ELAINE ROSENTHAL, Respondent.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about October 30, 1990, which granted defendant's motion to confirm and denied plaintiff's cross-motion to reject the Referee's report dated May 14, 1990, and ordered a hearing before a Referee on the issue of damages, unanimously affirmed, without costs.

In this matrimonial action, defendant is seeking, *inter alia,* an accounting and money judgment against plaintiff for unpaid balance of additional alimony and child support under a separation agreement, dated July 1, 1975, which was incorporated, but not merged, into a judgment of divorce. Pursuant to the separation agreement, plaintiff is required to pay an additional amount for maintenance and child support equal to one third of his annual net income in excess of $20,000 as defined by line 28, form 1040 in excess of $20,000. At the time of the divorce, it was expected that plaintiff, a physician, would enter private practice. Instead, he became a salaried employee of a professional medical corporation. In an order dated November 13, 1979, the Supreme Court determined that the separation agreement was intended to include income derived directly from his profession, and was applicable to salary reported in his W-2 form, which order was affirmed by this Court *(Rosenthal v Rosenthal,* 75 AD2d 515).

In 1980, plaintiff became a one-third shareholder in the medical corporation, but refused to pay excess alimony and child support based on contributions by the corporation to plaintiff's pension and profit sharing plans. The matter was referred to a Special Referee, who determined in favor of defendant, finding plaintiff was avoiding the financial require-

ments of the separation agreement. Supreme Court confirmed the Referee's report.

Contrary to plaintiff's contention, this action is not barred by the doctrines of res judicata or law of the case as the facts raised herein were not before the court in 1979 (see, Smith v Russell Sage Coll., 54 NY2d 185, 192; Werthner v Olenin, 186 Misc 829, affd 272 App Div 798). Nor is the action barred by the six years statute of limitations which accrued at the time of plaintiff's breach, not at the time of execution of the separation agreement or the earlier court determination. Finally, we agree with the conclusion of the Special Referee that the contributions were included within the definition of annual net income as defined by the separation agreement. The motion to strike the reply brief is denied. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.