■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HARRIS, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same Memorandum as in *People v Harris* (190 AD2d 1043 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ In the Matter of KATHEY YERDON, Appellant, v NOEL YERDON, Respondent.—Order unanimously modified on the law and as modified affirmed with costs to petitioner in accordance with the following Memorandum: Petitioner appeals from an order of the Family Court that denied her petition for arrearages in child support and reimbursement of medical insurance premiums provided for the parties' son. Although petitioner sought child support arrears dating back to 1981, she acknowledges that the six-year Statute of Limitations applies in this case *(see,* CPLR 213 [2]; *Tauber v Lebow,* 65 NY2d 596, 598). Thus, petitioner's claim for child support arrears for the period from 1981 to August 24, 1984 is time-barred.

Family Court erred, however, in denying petitioner's application for child support arrearages which accrued between August 24, 1984 and the date of the proceeding *(see,* Domestic Relations Law § 244). Respondent admittedly was paying less than the $30 per week he was required to pay pursuant to the judgment of divorce Family Court concluded that, because respondent made "substantial payments" to petitioner, "she had not sustained her burden of proof with reference to the support payments" and dismissed that part of her petition seeking arrearages. We disagree.

Because there is an adequate record, we need not remit this matter for a proper determination of the arrearages. While petitioner admittedly did not keep accurate records between 1981 and 1986, she did begin to keep accurate records from the end of 1986, from which we can compute the amount due. We conclude that petitioner satisfied her burden of establishing her entitlement to child support arrearages in the amount of $2,875 for the period from January 1, 1987 to July 20, 1990 when she instituted this proceeding. Therefore, the order is modified by ordering that judgment be entered in favor of petitioner in the amount of $2,875. (Appeal from Order of Niagara County Family Court, Halpin, J.—Child Support.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.