■■■ In the Matter of ELIZABETH DOWNER, Respondent, v ROGER DOWNER, Appellant. [607 NYS2d 202] —Order unanimously affirmed without costs. Memorandum: Family Court properly denied respondent's objection to the order of the Hearing Examiner granting petitioner a money judgment for six years of maintenance arrears *(see, Tauber v Lebow,* 65 NY2d 596) and denying respondent's cross motion for downward modification.

The parties entered into a separation agreement on April 25, 1974 that was incorporated but not merged in the judgment of divorce on April 18, 1977. The agreement required respondent to pay the sum of $100 a week in maintenance. Petitioner commenced this proceeding seeking a money judgment for $70,000, representing 14 years of alleged maintenance arrears.

The Hearing Examiner credited petitioner's testimony that she had not sought relief sooner because of respondent's history of violence, including numerous unprovoked beatings of petitioner and their children during the marriage. She testified that, on many occasions when she had asked respondent for payment, he had threatened her with bodily harm if she took legal action.

A waiver must be voluntary and without compulsion; mere delay or passivity does not establish a waiver *(Agati v Agati,* 92 AD2d 737, *affd* 59 NY2d 830). The record supports the Hearing Examiner's conclusion that respondent failed to meet his burden of proving a waiver *(see,* 57 NY Jur 2d, Estoppel and Waiver, §§ 86-88).

The judgment of divorce antedated the effective date of the Equitable Distribution Law and, therefore, in reviewing the Hearing Examiner's report, Family Court properly applied the standard of "substantial change of circumstances" *(Matter of Cohen v Seletsky,* 142 AD2d 111, 119-120; *see,* Domestic Relations Law § 236 [A]), rather than that of "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *see, Matter of Cohen v Seletsky, supra,* at 119-120).

Respondent failed to meet his burden of showing a substantial change of circumstances. Although disabled and unable to work, he is receiving Social Security and disability benefits totalling over $18,000 a year. Respondent offered no proof regarding his earnings when the separation agreement was

executed or when the judgment of divorce was obtained, and refused to comply with the Hearing Examiner's request for proof of his present wife's income.

After the Hearing Examiner summarized the testimony of the parties' adult daughter, respondent made a comment about the testimony being hearsay and that he was unable to cross-examine her. Respondent had not, however, objected to the daughter's testimony being taken in camera by the Hearing Examiner. Indeed, both parties submitted written questions for the Hearing Examiner to direct to the daughter and they clearly acquiesced in the procedure. Thus, the record establishes a knowing and intelligent waiver of respondent's right to confront and cross-examine the witness (cf., *Lunney v Graham,* 91 AD2d 592). (Appeal from Order of Richmond County Family Court, Meyer, J.—Support.) Present—Pine, J. P., Lawton, Doerr, Davis and Boehm, JJ.