OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff moves for postjudgment relief in the nature of the *261 execution of a Qualified Domestic Relations Order (QDRO). The parties were divorced by judgment dated July 25, 1986. The judgment provided that the parties waived maintenance and that a QDRO would be prepared with respect to defendant’s pension. Subsequently, plaintiff has twice remarried. Additionally, in 1995, about two weeks prior to defendant’s retirement, plaintiff learned that no QDRO had been submitted to the court for filing with the pension authorities. Other than prior counsel’s apparent lack of attention, there is no explanation for the nine-year delay nor does the record provide an explanation for the subsequent four-and-one-half-year delay in making this application.
Plaintiff seeks entry of a QDRO under the terms of the parties’ agreement as set forth in the judgment. The proposed QDRO is in the usual format but also contains a provision recouping amounts that should have been paid from the date of defendant’s retirement (Apr. 29, 1995) at 10% monthly.
Defendant points to plaintiffs remarriage and requests modification of the judgment with respect to the QDRO under section 248 of the Domestic Relations Law. That section mandates modification of judgments “directing payments of money for the support of the wife” on the recipient spouse’s remarriage. (See, Carroll v Carroll, NYLJ, Dec. 18, 1995, at 35, col 1 [Sup Ct, Westchester County], affd 236 AD2d 353 [2d Dept 1997].)
Section 248 of the Domestic Relations Law applies only to spousal maintenance awards. (Jones v Jones, 84 AD2d 893 [3d Dept 1981] [exclusive possession of marital premises to ex-wife and children was in the nature of child support and not maintenance].) Astute commentators and learned treatises observe that section 248 should not apply to distributive property awards which are not considered maintenance. (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C248:1, at 664-665; 2 Foster, Freed, Brandes, Law and the Family New York § 2:32, at 229 [2d ed]; 48A NY Jur 2d, Domestic Relations, § 2617.)
Clearly, the award of a portion of defendant’s pension is in the nature of equitable distribution of marital property and not maintenance. (Majauskas v Majauskas, 61 NY2d 481 [1984].) Therefore, section 248 of the Domestic Relations Law does not apply herein and defendant’s application is denied.
There is no estoppel or undue loches to bar relief being awarded to plaintiff. (57 NY Jur 2d, Estoppel, §§ 13, 15; 75 NY Jur 2d, Limitations and Laches, §§ 333, 337.) Defendant does *262 not claim any prejudice nor does he assert that the extra 10% sought to recapture arrears is burdensome. Consequently, the motion is granted and the QDRO is signed.