OPINION OF THE COURT
David D. Egan, J.
This is a case of first impression. Defendant, and former husband, seeks postjudgment declaratory relief precluding this Court from executing a qualified domestic relations order (QDRO). Defendant claims the entry of the QDRO is time barred under Civil Practice Law and Rules § 213 (1) and (2). Plaintiff, and former wife, opposes defendant’s application and cross-moves for entry of the QDRO. The parties’ judgment of divorce dated December 19, 1986 granted the plaintiff a QDRO to facilitate the distribution of her interest in the marital portion of defendant’s retirement plan according to the terms of *755 the parties’ separation agreement, which was incorporated but not merged into the judgment. On or about February 1, 2001, after learning of the defendant’s imminent retirement, plaintiff sought entry of the proposed QDRO under the parties’ judgment of divorce.
Subdivisions (2) and (1) of CPLR 213 impose a six-year limitation period on both an action based upon a contractual obligation, and an action for which no limitation is specifically prescribed by law, respectively. Defendant asserts that plaintiffs request to have this Court enter a QDRO more than 14 years after the entry of the parties’ judgment of divorce is barred by these statutes of limitations.
This Court finds that the entry of the QDRO* is not time barred. In New York, vested rights in a pension or retirement plan are considered marital property subject to distribution in a divorce action to the extent that the benefits result from employment by the participant after the marriage and before the commencement of the divorce action. An award of a portion of a former spouse’s retirement plan or pension thus constitutes the equitable distribution of marital property. (Kaplan v Kaplan, 82 NY2d 300, 306 [1993]; see also, Edmonds v Edmonds, 184 Misc 2d 928 [Sup Ct, Onondaga County 2000]; Long v Paige, 182 Misc 2d 260 [Sup Ct, Westchester County 1999], citing Majauskas v Majauskas, 61 NY2d 481 [1984].) The 20-year limitations period of CPLR 211 (e) relating to actions to enforce judgments or orders of support or maintenance is thus inapplicable. While this Court concludes that the entry of the QDRO is governed by CPLR 213’s six-year limitation period, a limitation period does not begin to run until a cause of action or claim has accrued. CPLR 203 (a) provides that “[t]he time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed.”
*756 The Court finds as a matter of law that the limitations period relating to the defendant’s action seeking to preclude the entry of a QDRO, and thus subjecting defendant’s retirement benefits to equitable distribution, accrued after he reached pay status in the retirement benefits. (Cf. Tauber v Lebow, 65 NY2d 596 [1985] [preceding the enactment of CPLR 211 (e), and finding a child support and alimony arrears claim, arising under a separation agreement incorporated but not merged into a judgment of divorce, time barred]; Dolan v Dolan, 172 AD2d 1013 [4th Dept 1991] [specific performance for sale of marital property was not commenced within six years of former husband’s re-marriage in accordance with nonmerged separation agreement, and thus was time barred]; see also, Matter of Downer v Downer, 199 AD2d 1092 [4th Dept 1993]; Yerdon v Yerdon, 190 AD2d 1046 [4th Dept 1993].) Stated otherwise, since plaintiffs right to receive a distribution under the defendant’s retirement plan did not accrue until after her former husband reached pay status, the six-year limitation period did not begin to run until his retirement date. (Cf. Long v Paige, supra.) The case of Yecies v Sullivan (221 AD2d 433 [2d Dept 1995]) relied on by defendant is distinguishable as it relates to the equitable distribution of a present interest in real property, divided under a judgment of divorce.
Defendant’s request for declaratory relief is denied in its entirety. Plaintiffs cross motion seeking the execution by this Court of the QDRO is granted.

 QDROs are defined by the Internal Revenue Code (IRC) and in the Employee Retirement Income Security Act (ERISA) as a “domestic relations order * * * which creates or recognizes the existence of an alternate payee’s right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan [and] * * * [t]he term ‘domestic relations order’ means any judgment, decree, or order * * * which * * * relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child [etc.], [and] * * * is made pursuant to a State domestic relations law.” (26 USC § 414 [p] [1] [A] [i]; [B] [i], [ii] [IRC]; accord, 29 USC § 1056 [d] [3] [B] [ERISA].) The IRC and ERISA create no substantive rights in the case of divorce, but only accommodate the rights created by state matrimonial law.