OPINION OF THE COURT
David D. Egan, J.
Defendant asks this court to revisit its decision in Duhamel v Duhamel (188 Misc 2d 754 [Sup Ct, Monroe County 2001]). Plaintiff opposed the application. Defendant, plaintiff’s former *101 husband, originally sought postjudgment declaratory relief precluding this court from executing a qualified domestic relations order (QDRO). Defendant claimed the entry of the QDRO was time-barred under Civil Practice Law and Rules § 213 (1) and (2). Plaintiff opposed defendant’s application and cross-moved for entry of the QDRO. The court found as a matter of law that the six-year limitations period relating to the defendant’s action accrued after he reached pay status in the retirement benefits. (See Duhamel, 188 Misc 2d at 756.) Since plaintiff sought entry of the proposed QDRO under the parties’ judgment of divorce within the same year of defendant’s retirement her request was not time-barred.
Defendant, relying on McCoy v Feinman (291 AD2d 799 [4th Dept 2002]), argues that the action to compel the entry of the QDRO accrued when the judgment of divorce was entered without the QDRO. In McCoy, the Appellate Division for the Fourth Department found an alleged malpractice action against a law firm based on its failure to file a QDRO accrued on the date the judgment of divorce was entered without a QDRO, which precluded plaintiff from receiving either prere-tirement or postretirement benefits. The Fourth Department cited the need for professionals to have some predictability concerning potential malpractice claims, commenting “there would be no predictability in a statute of limitations based on the date of death or the date of retirement; indeed, either event could have occurred 20 or more years after the filing of the judgment of divorce.” (Id. at 801.) The Fourth Department found the statute of limitations therefore began to run on that date, rendering the malpractice action time-barred. (Id.)
This court finds however that the same logic does not pervade an action to compel entry of a QDRO. This is not a malpractice case; rather, an action by one spouse to compel the other to perform a mere ministerial task necessary to distribute funds previously allocated by the parties’ own binding agreement. Indeed this court finds that since the parties’ original agreement set the terms for the distribution of the parties’ respective interests in the defendant’s retirement plan, predictability of when such a claim is made is not a concern here. This court instead is concerned with the potential windfall to a former spouse if a limitation period artificially truncates the entry of a negotiated QDRO. A court should not, and this court will not, facilitate such unjust enrichment.
Just a few weeks ago the Court of Appeals affirmed the Fourth Department’s decision but for a different reason. *102 (McCoy v Feinman, 99 NY2d 295 [2002].) The Court of Appeals got to the crux of the alleged malpractice, noting (at 305) “[h]ere, because Feinman’s stipulation did not establish plaintiffs right to preretirement death benefits and the divorce judgment did not provide for any, the entry of a QDRO * * * reflecting the terms of the stipulation or divorce judgment * * * would not have rendered plaintiff eligible to receive those benefits. We therefore conclude that Feinman’s failure to include preretirement death benefits in either the stipulation or the judgment, and not his negligent failure to obtain a QDRO, was the cause of [the] plaintiffs injury.” The Court thus found the limitations period should run from the entry of the judgment of divorce. (Id. at 305.) The Court of Appeals nonetheless specifically rejected plaintiffs argument that a continuous representation doctrine due to Feinman’s failure to file the QDRO tolled the limitations period, finding under such a theory “the limitations period could become incalculable * * * .” (Id. at 306.)
This court is not persuaded that McCoy v Feinman compels a different result in this case. Defendant’s request for declaratory relief is denied again in its entirety. Plaintiffs cross motion seeking the execution by this court of the QDRO is granted.