OPINION OF THE COURT
Rosalie S. Bailey, J.
The parties were divorced by judgment granted on July 24, 1991. That judgment incorporated, but did not merge, an oral stipulation placed on the record that same day. That stipulation contained the following language:
“There are pensions in the possession of the parties, there will be qualified domestic relation[s] orders submitted by the parties to the respective pension holders, and the pension periods will be from the date of the marriage which is 9-29-67 to *1014 January 30, 1989. And the pension plans will be split according to the ruling in Majauskas.”
Defendant, Eugene M., retired on November 4, 2000, and began receiving pension benefits at that time. A qualified domestic relations order (QDRO) was granted on March 15, 2006, and an amended QDRO was granted on November 21, 2006, putting into effect the rights of plaintiff, Patricia M., regarding Mr. M.’s pension benefits.
Prior to entry of either QDRO, Mr. M. began paying part of his pension benefits to Ms. M., commencing in May 2002, at the rate of $650 per month. Ms. M. now brings this motion seeking recovery of amounts she claims she should have been paid as her portion of Mr. M.’s pension prior to the commencement of direct payments pursuant to the QDRO. These amounts cover the period from the date of retirement to April 2002, a missed payment in November 2005, and the period from February 2006 to December 2006, when no payments were made. In addition, she alleges that she received only a partial payment in December 2005. The total amount allegedly owed is $19,770.46.
Mr. M. opposes the motion, raising several arguments in his defense. First, he claims that the stipulation between the parties did not create any entitlement to his pension benefits other than as might be paid pursuant to a QDRO. Thus, according to him, there was no debt agreed to, only the right to submit a QDRO to the pension plan carrier. He asserts that his payments to Ms. M. prior to the entry of the QDRO were merely a gift.
The plain language of the stipulation, however, was that “the pension plans will be split according to the ruling in Majauskas.” “[P]ension benefits earned during a marriage and prior to the commencement of a divorce action constitute marital property” and thus are subject to equitable distribution. (Brooks v Brooks, 55 AD3d 520, 522 [2d Dept 2008].) The entry of a QDRO is not a form of relief itself but, rather, is a means to carry out the equitable distribution of marital property.
“A proper QDRO obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment . . . Thus, for example, a court errs in granting a domestic relations order encompassing rights not provided in the underlying stipulation ... or a QDRO more expansive than an underlying written separation agreement.” (McCoy v Feinman, 99 NY2d 295, 304 [2002].)
*1015 Thus, the parties in their stipulation agreed that Mr. M. would pay a Majauskas share of his pension to Ms. M. and set out the appropriate dates for calculation of that share. Nothing in the stipulation limited her entitlement to that property so that it could only be collected pursuant to a QDRO. The QDRO was merely a way to facilitate distribution of her share. The fact that Mr. M. voluntarily made payments to Ms. M. in the amount of her pension entitlement is clear evidence that he recognized this debt.
Mr. M. next argues that this motion is barred by the statute of limitations applicable to contract actions. He asserts that the equitable distribution of his pension benefits was not specifically mentioned in the judgment of divorce and, therefore, Ms. M.’s only remedy is a breach of contract action, which would be barred for not having been brought within six years of entry into the stipulation. The judgment of divorce, however, specifically stated that the parties’ stipulation was incorporated, but not merged, into the judgment.
Nevertheless, Mr. M. is correct that a six-year statute of limitations applies to this claim. The Court of Appeals, in Tauber v Lebow (65 NY2d 596, 598 [1985]), held that payments awarded in a divorce decree “do not constitute a judgment debt until the arrearages are reduced through further proceedings to a judgment.” Ms. M. argues that, because the stipulation was incorporated into the judgment of divorce, the 20-year statute of limitations contained in CPLR 211 applies. The Tauber ruling, however, specifically rejects that argument, pointing out that a divorce judgment is not the same as a money judgment.
CPLR 211 (b) applies only to a money judgment. CPLR 211 (e) was added to the statute after the Tauber ruling to ameliorate its effect, but that subdivision applies only to actions to enforce judgments for support, alimony or maintenance. Because Ms. M. seeks to enforce a judgment for equitable distribution, which has not been reduced to a money judgment, she cannot rely upon CPLR 211. Therefore, her claim is governed by the six-year limitations period set forth in CPLR 213 (1) for “an action for which no limitation is specifically prescribed by law.”
Mr. M. incorrectly argues, however, that the claim accrued at the time the parties entered into their agreement. Ms. M.’s claim for breach of the agreement accrued at the time of the breach, which was no earlier than the date of Mr. M.’s retirement in November 2000. (Rosenthal v Rosenthal, 172 AD2d 298 [1st Dept 1991].) Because Mr. M.’s obligation was to pay on a *1016 monthly basis as pension benefits were paid to him, each failure to pay constituted a separate breach. (See e.g. Medalie v Jacobson, 120 AD2d 652 [2d Dept 1986].) Ms. M. commenced this proceeding on January 28, 2009. Thus, she is barred from pursuing her claim for any amounts due prior to January 28, 2003.
This leaves Ms. M. unable to recover for those amounts she claims were not paid from November 2000 to April 2002. Her claims for a missed payment in November 2005, a partial payment in December 2005, and missed payments from February 2006 to December 2006 are timely.
Mr. M. also argues that the recovery of these amounts should be barred by laches. As he does not raise any argument of prejudice that he would suffer from enforcement, however, he cannot rely on that doctrine. (Skrodelis v Norbergs, 272 AD2d 316 [2d Dept 2000].)
Finally, Mr. M. argues that Ms. M. is barred by the doctrines of res judicata or collateral estoppel from pursuing this claim. He asserts that the issue of arrearages owed could have been addressed when Ms. M. submitted the QDROs for court signature and the failure to do so now bars the claim. The submission of a QDRO, however, is not a separate action. (Duhamel v Duhamel, 4 AD3d 739 [4th Dept 2004].) It also is not a judgment, such as could carry a preclusive effect. As discussed above, it is merely a means of facilitating the parties’ agreement to distribute marital property. No issues regarding Mr. M.’s liability to Ms. M. were at issue or determined by the submission or granting of a QDRO. Therefore, she cannot be precluded on that basis.
The result of the foregoing is that Ms. M. is entitled to a judgment for the missed pension payments due after January 28, 2003. The amount of those payments has not been disputed by Mr. M. Therefore, the court grants judgment to Ms. M. in the amount of $8,058.58, plus interest, along with costs and disbursements.