KEITH WORONOFF, Respondent, v DEBORAH WORONOFF, Appellant. [894 NYS2d 529]—

In an action to recover damages for wrongful procurement of a judgment, the defendant former wife appeals, as limited by her notice of appeal and brief, and by stipulation of the parties,

from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 5, 2009, as granted that branch of the plaintiff former husband's motion which was to dismiss, as time-barred, her first counterclaim to recover damages for his alleged breach of the parties' judgment of divorce dated December 21, 1998.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated December 21, 1988, which provided, inter alia, that the plaintiff would pay the defendant the sum of $87,500 for her share of his businesses. In 1990 the parties entered into an agreement which modified this portion of the judgment so as to, among other things, set forth a different payment schedule for the distributive award. This agreement was not reduced to a court order. The defendant never entered her distributive award as a money judgment nor sought to enforce collection thereof until 2007, when she obtained a clerk's judgment against the plaintiff. Thereafter, however, the plaintiff successfully moved to vacate the clerk's judgment.

The plaintiff then commenced this action, inter alia, to recover damages for wrongful procurement of the clerk's judgment including the counsel fees he expended in moving to vacate the clerk's judgment. The defendant's first counterclaim asserted that the plaintiff had failed pay her the full amount of her distributive award for her share of his business, and alleged damages resulting therefrom in excess of $150,000. Insofar as is pertinent to this appeal, the order appealed from granted the plaintiff's motion to dismiss this counterclaim as time-barred. We agree.

Contrary to the defendant's contention, the distributive award made to her in the divorce judgment for her share of the plaintiff's business was not a "money judgment" subject to a 20-year statute of limitations (*Tauber v Lebow*, 65 NY2d 596, 598 [1985]; *see Patricia A.M. v Eugene W.M.*, 24 Misc 3d 1012 [2009]). Instead, her claim to enforce this award was governed by the six-year statute of limitations set forth in CPLR 213 (1) and (2) (*see Tauber v Lebow*, 65 NY2d 596 [1985]; *Duhamel v Duhamel*, 188 Misc 2d 754 [2001], *affd* 4 AD3d 739 [2004]; *see also Dolan v Ross*, 172 AD2d 1013 [1991]). Accordingly, since the defendant did not seek to enforce her distributive award nor reduce it to a money judgment until well beyond six years after the divorce judgment was entered, and even well beyond six years after the parties entered into their modification agreement, the Supreme Court properly dismissed this counterclaim as time-barred.

The defendant's remaining contentions are without merit. Covello, J.P., Santucci, Miller and Lott, JJ., concur.