■ PATRICE FRAGIN, Respondent, v GARY FRAGIN, Appellant. [916 NYS2d 783]—

In a matrimonial action in which the parties were divorced by judgment dated October 23, 1995, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), dated August 7, 2009, as denied that branch of his motion which was to enforce certain provisions of the parties' separation agreement dated September 21, 1995, which was incorporated but not merged into the judgment of divorce, regarding the payment of basic graduate school expenses for the parties' two older emancipated children.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although we affirm the order of the Supreme Court, we do so on a ground different from that articulated by that court, as only actions are subject to a six-year statute of limitations pursuant to CPLR 213 (2). Here, that branch of the defendant's motion which was to enforce the parties' separation agreement is not subject to a statute of limitations defense.

"When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to

reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Fetner v Fetner*, 293 AD2d 645 [2002]). Here, contrary to the defendant's contention, the parties' separation agreement did not require the plaintiff to pay for half of the basic graduate school expenses for the parties' two older children. Pursuant to the separation agreement, the plaintiff was obligated to contribute to the basic graduate school expenses solely with respect to the parties' unemancipated children (*see Fetner v Fetner*, 293 AD2d at 646 ["Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used"]). At the time the subject children enrolled in graduate school, they were both emancipated under the terms of the separation agreement. Accordingly, that branch of the husband's motion which was to enforce the provisions of the parties' separation agreement regarding the payment of basic graduate school expenses for the parties' two older children was properly denied. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.