■ KEVIN BAYEN, Respondent, v DIANE BAYEN, Appellant. [917 NYS2d 269]—

In a matrimonial action in which the parties were divorced by judgment entered September 10, 1999, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated April 14, 2009, as denied those branches of her motion which were to enforce a provision in the parties' stipulation of settlement, which was incorporated but not merged in the judgment of divorce, allegedly requiring the plaintiff former husband to pay her the sum of $41,144.15, representing her interest in his retirement pension or, alternatively, that she be awarded her marital share of the pension pursuant to the formula articulated in *Majauskas v Majauskas* (61 NY2d 481 [1984]), and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment entered September 10, 1999. The judgment incorporated, but did not merge, the parties' stipulation of settlement. The parties' stipulation provided that the former husband would pay the former wife one half of the present value of his 401(k) pension as of the date of the stipulation, or the sum $41,144.15, pursuant to a qualified domestic relations order (hereinafter QDRO). In 2001 the former wife submitted a proposed QDRO to the Supreme Court, but the Supreme Court did not sign it, finding that it was inconsistent with the terms of the stipulation of settlement. In January 2009 the former wife moved, inter alia, to enforce the

provision in the stipulation referable to the former husband's pension, to the extent of directing him to pay her the sum of $41,144.15, plus interest, for her share of his retirement pension or, alternatively, that she be awarded her marital share of the pension pursuant to the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). The Supreme Court denied that branch of the motion, finding that it was time-barred by virtue of the six-year limitations period set forth in CPLR 213 (6), applicable to an action based upon a mistake. We affirm, but on different grounds.

An action to enforce a distributive award in matrimonial action is governed by the six-year statute of limitations set forth in CPLR 213 (1) and (2) (*see Tauber v Lebow*, 65 NY2d 596 [1985]; *Woronoff v Woronoff*, 70 AD3d 933 [2010]; *Duhamel v Duhamel*, 188 Misc 2d 754 [2001], *affd* 4 AD3d 739 [2004]). Contrary to the plaintiff's contention, however, motions to enforce the terms of a stipulation of settlement are not subject to statutes of limitation (*see Fragin v Fragin*, 80 AD3d 725, 725 [2011]; *Cotumaccio v Cotumaccio*, 171 AD2d 723 [1991]; *but cf. Patricia A.M. v Eugene W.M.*, 24 Misc 3d 1012 [2009]).

Nonetheless, the former wife is not entitled to the relief sought, but only to the entry of a QDRO, in compliance with the federal Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]), that accurately incorporates the terms of the stipulation. In interpreting the stipulation of settlement in a manner so as to give full meaning and effect to its material terms (*see Lobacz v Lobacz*, 72 AD3d 653, 654-655 [2010]; *McQuade v McQuade*, 67 AD3d 867, 869 [2009]), " 'the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008], quoting *Fetner v Fetner*, 293 AD2d 645, 645 [2002]; *see Hepburn v Hepburn*, 78 AD3d 1001 [2010]). Here, a plain reading of article V of the stipulation of settlement yields the inescapable conclusion that the former wife agreed to accept, as part of her equitable distribution, the sum of $41,144.15 pursuant to the terms of a QDRO, when the former husband retires from his teaching position. The former husband has yet to retire. Accordingly, the former wife's right to receive this portion of equitable distribution remains inchoate and has not yet vested (*cf. Duhamel v Duhamel*, 4 AD3d 739 [2004]). Thus, while a request to compel the equitable distribution of the agreed-upon percentage of the former husband's pension pursuant to an ERISA-compliant QDRO

is not time-barred, the former wife is not entitled to a present payment of $41,144.15.

In light of our determination, we need not reach the former wife's request for alternative relief.

The Supreme Court properly denied the former wife's request for an award of an attorney's fee, as she failed to demonstrate that the former husband defaulted in the performance of the terms of the stipulation of settlement (see *McQuade v McQuade*, 67 AD3d 867 [2009]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.