Susan M. Denaro, Respondent, v Robert J. Denaro, Appellant. [924 NYS2d 453]—

In a matrimonial action in which the parties were divorced by judgment entered July 2, 1997, the defendant former husband appeals (1) from an order of the Supreme Court, Rockland County (Garvey, J.), dated July 9, 2010, which granted the plaintiff former wife's application to enforce so much of a stipulation of settlement, which was incorporated but not merged into the judgment of divorce, as entitled her to a portion of his pension rights to the extent of issuing a qualified domestic relations order, and denied his motion, inter alia, to vacate that provision of the stipulation of settlement, and (2), as limited by his brief, from so much of an order of the same court dated October 7, 2010, which, in effect, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated July 9, 2010, is dismissed, as that order was superseded by the order dated October 7, 2010, in effect, made upon reargument; and it is further,

Ordered that the order dated October 7, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff former wife and the defendant former husband, who was a police officer employed by the New York City Police Department (hereinafter the NYPD), were married in 1981. Sixteen years later, by a judgment entered July 2, 1997, they were granted an uncontested divorce. In a stipulation and agreement of settlement (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce, the parties agreed that the plaintiff would be entitled to a certain percentage of the marital portion of the defendant's police retirement benefits. The parties acknowledged in the stipulation that a valuation of those benefits had been performed, and

they agreed that that valuation would "be utilized to prepare a Qualified Domestic Relations Order to be submitted to the Court as soon as practicable after the Judgment of Divorce is signed." No qualified domestic relations order (hereinafter QDRO) (*see* 29 USC § 1056 [d] [3] [B] [ii]) was submitted at that time. The defendant retired from the NYPD in 2003, after 20 years of service, and he began collecting his pension. In January 2010 the plaintiff submitted a proposed QDRO to the Supreme Court, requesting the Supreme Court to enforce the stipulation to the extent of issuing an appropriate QDRO. The defendant then moved, inter alia, to vacate the retirement provision of the stipulation.

The Supreme Court granted the plaintiff's application and denied the defendant's motion, inter alia, to vacate the retirement provision of the stipulation. The defendant then moved for leave to reargue, and the Supreme Court, in effect, upon reargument, adhered to its prior determination.

Contrary to the defendant's contention, the statute of limitations does not bar issuance of the QDRO. "[M]otions to enforce the terms of a stipulation of settlement are not subject to statutes of limitation" (*Bayen v Bayen*, 81 AD3d 865, 866 [2011]; *see Fragin v Fragin*, 80 AD3d 725 [2011]; *cf. Woronoff v Woronoff*, 70 AD3d 933 [2010]). "[B]ecause a QDRO is derived from the bargain struck by the parties at the time of the judgment of divorce, there is no need to commence a separate 'action' in order for the court to formalize the agreement between the parties in the form of a QDRO" (*Duhamel v Duhamel*, 4 AD3d 739, 741 [2004]). Indeed, our Court has expressly held that an application or motion for the issuance of a QDRO is not barred by the statute of limitations (*see Bayen v Bayen*, 81 AD3d at 866-867).

The defendant also contends that the plaintiff's failure to submit the QDRO to the Court within 60 days of entry of the divorce judgment (*see* 22 NYCRR 202.48) barred its issuance thereafter. The defendant's contention is without merit because that court rule does not apply to a QDRO, which is merely a mechanism to effectuate payment of a party's share in a retirement plan (*see* 29 USC § 1056 [d] [3] [K]; *McCoy v Feinman*, 99 NY2d 295, 304 [2002]; *Duhamel v Duhamel*, 4 AD3d at 741). The plaintiff's right to her share of the defendant's pension was created by the stipulation and the judgment of divorce, and it was not abandoned when the QDRO was not filed within 60 days.

We also reject the defendant's claim that the doctrine of laches bars the plaintiff's entitlement to the QDRO. Invocation of

laches requires a showing of both delay and prejudice (*see Skrodelis v Norbergs*, 272 AD2d 316, 316-317 [2000]). The delay in submitting a QDRO for execution was certainly lengthy, but the defendant has not shown any prejudice to himself resulting from the plaintiff's delay (*see Beiter v Beiter*, 67 AD3d 1415, 1416 [2009]; *Koplow v Koplow*, 260 AD2d 353, 354 [1999]; *cf. Lacorazza v Lacorazza*, 47 AD3d 897, 898-899 [2008]).

Finally, we reject the defendant's claim that the plaintiff waived her right to her share of the defendant's retirement benefits. The plaintiff's delay in submitting the QDRO to the Supreme Court did not evince an intent to waive her rights. Waiver does not result from negligence, oversight, or inattention, and it may not be inferred merely from silence (*see Haberman v Haberman*, 216 AD2d 525, 527 [1995]; *Messina v Messina*, 143 AD2d 735 [1988]; *cf. Rivers v Rivers*, 35 AD3d 426, 428 [2006]). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.