*862 OPINION OF THE COURT
Catherine M. DiDomenico, J.
Plaintiff (hereinafter former husband) commenced this post-judgment contempt motion against defendant (hereinafter former wife) by order to show cause on August 13, 2010. The court heard oral argument on the limited issue of whether or not former husband’s motion seeking distribution of former wife’s 401(k) account is barred by the statute of limitations. The following constitutes the decision of the court after consideration of the papers, arguments and applicable case law. Former husband’s postjudgment order to show cause, which was not instituted as an action (i.e., plenary action), is not time-barred as the statute of limitations does not apply to motions filed in a matrimonial action. (See Denaro v Denaro, 84 AD3d 1148 [2d Dept 2011]; Bayen v Bayen, 81 AD3d 865 [2d Dept 2011].)
Factual Background
The parties were divorced by judgment of divorce dated November 13, 2001. The parties entered into a stipulation of settlement dated April 24, 2001. The stipulation of settlement was incorporated into but did not merge with the judgment of divorce. The relevant portions of the stipulation of settlement article VII provides as follows:
“(c) The parties acknowledge that Husband shall be entitled to Qualified Domestic Relations Orders directing payment to Husband (subject to Husband’s paying all taxes owed upon Husband’s share) to a fractional share of Wife’s 401K with Metropolitan Life Insurance. This share shall be equal to one-half of the value of the fund as of August 6, 1998.
“(d) The parties acknowledge that Wife’s deferred compensation due to her employment by the Legal Aid Society during the marriage is marital property. The parties agree that Husband shall be entitled to the entry of a Qualified Domestic Relations Order which by its terms shall provide for the Trustees of the plan to segregate into an account to be set up for the benefit of Jan R. Uzzo as Alternate Payee, a sum equal to one-half of the plan balance as of August 3, 1998 together with any interest, credits, and investment gains or losses which said share may accrue or have accrued for the period August 3, 1998 up until the date of distribution by said Trustees to Jan R. Uzzo’s account.”
*863 A. Affirmative Defenses
(1) Statute of Limitations
Pursuant to CPLR 213 (2), an action upon a contractual obligation or liability, express or implied, must be commenced within six years. Former wife argues that because the funds at issue are statement accounts they are immediately transferable. Former wife argues that former husband’s cause of action accrued at the time the parties entered into the agreement over nine years ago. Therefore, former wife argues that the six-year statute of limitations has run and former husband is no longer entitled to qualified domestic relations orders (QDRO) of the retirement accounts provided for in the stipulation of settlement dated April 24, 2001.
Former wife relies upon cases such as Tauber v Lebow (65 NY2d 596 [1985]), Bayen v Bayen (81 AD3d 865 [2011]) and Woronoff v Woronoff (70 AD3d 933 [2d Dept 2010]). The Tauber and Woronoff cases are readily distinguishable from the case at hand as there the courts held that “actions” to recover arrearages in alimony and child support are subject to the statute of limitations. Here, former husband did not commence a plenary action; rather, he filed an enforcement application by way of an order to show cause in the underlying matrimonial action. As stated in the Bayen case cited by former wife, “motions to enforce the terms of a stipulation of settlement are not subject to statutes of limitation.” (81 AD3d at 866.) Rather, “[a]n action to enforce a distributive award in [a] matrimonial action is governed by the six-year statute of limitations set forth in CPLR 213 (1) and (2).” (Bayen v Bayen, 81 AD3d at 866.) Further, in the recent Second Department case of Denaro v Denaro, the court held that
“because a QDRO is derived from the bargain struck by the parties at the time of the judgment of divorce, there is no need to commence a separate ‘action’ in order for the court to formalize the agreement between the parties in the form of a QDRO. Indeed, our court has expressly held that an application or motion for the issuance of a QDRO is not barred by the statute of limitations.” (84 AD3d at 1149 [citations omitted].)
Accordingly, as former husband’s application is seeking to enforce the terms of the stipulation of settlement, the statute of limitations does not apply, former husband’s application is not time-barred, and former husband did not waive his right to for *864 mer wife’s retirement benefits. (See Denaro v Denaro, 84 AD3d at 1149; Bayen v Bayen, 81 AD3d 865 [2011].) Attorneys for the parties are directed to contact chambers via conference call to select an adjourned date.