# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**244**

**CA 12-01742**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

HARRIET C. BOARDMAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KATHERINE D. KENNEDY, AS EXECUTRIX OF THE
ESTATE OF JOHN R. KENNEDY, DECEASED, AND
KATHERINE D. KENNEDY, DEFENDANT-RESPONDENT.

---

E. ROBERT FUSSELL, P.C., LEROY (E. ROBERT FUSSELL OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ZIMMERMAN & TYO, ATTORNEYS, SHORTSVILLE (JOHN E. TYO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme
Court, Ontario County (John J. Ark, J.), entered March 7, 2012. The
judgment and order granted defendant's motion seeking dismissal of the
complaint and summary judgment dismissing the complaint, and denied
the cross motion of plaintiff for partial summary judgment on her
first cause of action.

It is hereby ORDERED that the judgment and order so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff, the ex-wife of decedent John R. Kennedy,
commenced this action against decedent's widow, individually and as
executrix of decedent's estate. Pursuant to the terms of a
matrimonial stipulation between plaintiff and decedent, entered on
November 15, 1990, plaintiff received, inter alia, a one-half interest
in an individual retirement account (IRA) owned by decedent. That
stipulation was thereafter incorporated into their judgment of
divorce, entered March 1, 1991. Plaintiff alleges that she never
received her one-half share of the IRA.

We conclude that Supreme Court properly granted defendant's
motion seeking dismissal of the complaint under CPLR 3211 and summary
judgment dismissing the complaint under CPLR 3212, and properly denied
plaintiff's cross motion for partial summary judgment on the first
cause of action. The first cause of action, for enforcement of
decedent's obligation with respect to the IRA under the matrimonial
stipulation and the judgment of divorce, is governed by the six-year
statute of limitations set forth in CPLR 213 (1) and (2), not by the
20-year statute of limitations for an action to enforce a money
judgment set forth in CPLR 211 (b) (*see Tauber v Lebow*, 65 NY2d 596,

598; *Woronoff v Woronoff*, 70 AD3d 933, 934, *lv denied* 14 NY3d 713).
Thus, the first cause of action is untimely (*see Woronoff*, 70 AD3d at
934).

The second cause of action, alleging fraud, is also time-barred
inasmuch as this action was commenced more than six years after the
alleged fraud was committed and more than two years after plaintiff,
acting with reasonable diligence, could have discovered the alleged
fraud (*see* CPLR 213 [8]; *see also* CPLR 203 [g]; *see generally Rite Aid
Corp. v Grass*, 48 AD3d 363, 364).  We note that plaintiff did not have
to wait until decedent retired in order to obtain her share of his
IRA; instead, she was immediately entitled to her half of that
account.  Thus, it should not have taken her approximately 20 years to
realize that she did not receive her share of that asset.

Finally, the third cause of action, for unjust enrichment, is
time-barred by the six-year statute of limitations set forth in CPLR
213 (1), which "start[ed] to run upon the occurrence of the wrongful
act giving rise to a duty of restitution" (*Congregation Yetev Lev
D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503).  In any event, with
respect to that part of the unjust enrichment cause of action asserted
against defendant individually, we conclude that, while it is not
necessary for plaintiff to be in privity with defendant, their
relationship is too attenuated to support that cause of action
inasmuch as plaintiff and defendant "simply had no dealings with each
other" (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 517-518).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court