# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**

**CA 12-01303**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

INEZ BIELECKI, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD BIELECKI, DEFENDANT-APPELLANT.

---

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (DAVID S. WHITTEMORE OF COUNSEL), FOR DEFENDANT-APPELLANT.

HOLLY BAUM, BUFFALO (JAMES P. RENDA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered October 5, 2011. The order granted the motion of plaintiff for a money judgment against defendant.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in part and directing that defendant pay plaintiff her share of any pension payment defendant received on or after October 21, 2004, and as modified the order is affirmed without costs.

Memorandum: In this post-matrimonial proceeding, defendant appeals from an order that granted plaintiff's motion seeking a money judgment for sums allegedly due to plaintiff as her share of defendant's pension benefits. The judgment of divorce, entered in 1985, provided that plaintiff was entitled to her *Majauskas* share of defendant's pension "when said defendant starts to obtain his pension." Defendant began receiving pension benefits in March 1991. Plaintiff, however, was unaware that defendant was receiving such benefits and she did not begin to receive her share until October 2005, when she obtained a qualified domestic relations order (QDRO). By notice of motion filed October 21, 2010, plaintiff sought her share of pension benefits received by defendant from the date of his retirement in March 1991 until October 2005, when plaintiff began prospectively receiving her share of such benefits pursuant to the QDRO.

Supreme Court erred in granting plaintiff's motion in its entirety. Plaintiff's claim with respect to defendant's pension benefits is subject to the six-year statute of limitations set forth in CPLR 213 (1) (*see Tauber v Lebow*, 65 NY2d 596, 598; *Patricia A.M. v Eugene W.M.*, 24 Misc 3d 1012, 1015; *see also Woronoff v Woronoff*, 70

AD3d 933, 934, *lv denied* 14 NY3d 713).  The statute began to run when defendant began receiving his pension in March 1991 (*see Duhamel v Duhamel*, 188 Misc 2d 754, 756, *affd* 4 AD3d 739; *Patricia A.M.*, 24 Misc 3d at 1015; *see also Bayen v Bayen*, 81 AD3d 865, 866).  Because defendant's obligation to pay plaintiff her share of the pension was ongoing, the statute began to run anew with each missed payment (*see Patricia A.M.*, 24 Misc 3d at 1015-1016; *see generally Medalie v Jacobson*, 120 AD2d 652).  Thus, plaintiff's claim is timely to the extent that it seeks payments missed within six years prior to her motion filed on October 21, 2010.  To the extent that plaintiff sought her share of pension payments made more than six years prior to October 21, 2010, however, plaintiff's claim is untimely.  We therefore modify the order accordingly.  Finally, we reject plaintiff's contention that defendant is equitably estopped from raising the statute of limitations as a defense inasmuch as defendant made no affirmative misrepresentation to her, and his silence or failure to disclose the date on which he began receiving his pension benefits is insufficient to invoke the doctrine of equitable estoppel (*see generally Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 795, *lv denied* 6 NY3d 707).

Entered:  May 3, 2013                           Frances E. Cafarell
                                                Clerk of the Court