Brewster v Anthony-Brewster (2019 NY Slip Op 05510)





Brewster v Anthony-Brewster


2019 NY Slip Op 05510


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-06915
 (Index No. 41558/07)

[*1]Leon Brewster, appellant, 
v
Shelly B. Anthony-Brewster, respondent.


Harriette N. Boxer, Brooklyn, NY, for appellant.
Goldberg, Scudieri & Lindenberg, P.C., New York, NY (Ivy B. Alexander of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated February 27, 2009, as amended February 4, 2016, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel A. Adams, J.), dated June 13, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was to enforce so much of a settlement agreement, which was incorporated but not merged into the judgment of divorce, as directed the sale of certain real property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this matrimonial action, the parties entered into a settlement agreement dated December 23, 2008, which, among other things, directed that certain real property located in Brooklyn (hereinafter the property) be sold and the net proceeds split equally between the parties. The settlement agreement was incorporated, but not merged, into a judgment of divorce dated February 27, 2009, and amended on February 4, 2016. On February 23, 2017, the defendant moved, inter alia, to enforce the settlement agreement so as to require that the property be sold. The Supreme Court, inter alia, granted that branch of the defendant's motion.
We agree with the Supreme Court's determination to grant that branch of the defendant's motion, since, contrary to the plaintiff's contention, the motion is not subject to the statute of limitations applicable to breach of contract actions (see Denaro v Denaro, 84 AD3d 1148; Bayen v Bayen, 81 AD3d 865; Fragin v Fragin, 80 AD3d 725).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court